E-filing

555

MR. DENEAL YOUNG * J-55381

C. S. P - LOS ANGELES

P. O. Box 4430

LANCASTER, CA 93539
- IN PRO-PER -

**CV12-7278** R (MRG) **(PR)**

UNITEDSTATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CV 12 4084 YGR**

LODGED

2012 AUG 23  PM 5:07

4084
8/16/12

2012 AUG -3  A 11:4
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT
FILED

MR. DENEAL YOUNG
- COMPLAINANT -

V.

D. BALKIND

E. NIXON

C/O LOWE

T. GONZELES, (WARDEN)
- DEFENDANTS -

CASE NO.

- DEMAND FOR JURY Trial -

Complaint UNDER THE

Civil Rights Act

42 U.S.C 1983

COMPLAINANT SUBMITS THIS CIVIL ACTION AUTHORIZED BY 42 U.S.C SECTION 1983 TO

REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONST-

ITUTION OF THE UNITEDSTATES.

THE NORTHERN DISTRICT OF CALIFORNIA (EASTERN DIVISION) IS AN APPROPRIATE VENUE

UNDER 28 U.S.C SECTION 1391 (b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO

THIS CLAIM OCCURRED.

COMPLAINANT, DENEAL YOUNG IS AND WAS AT ALL TIMES MENTIONED HEREIN, A PRISONER

OF THE STATE OF CALIFORNIA IN THE CUSTODY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS

i

Case 2:12-cv-07278-JGB-JC   Document 11   Filed 09/06/12   Page 2 of 48   Page ID
#:111
Case4:12-cv-04084-YGR   Document11   Filed08/03/12   Page2 of 12

AND REHABILITATIONS. HE IS CURRENTLY CONFINED AT C.S.P.- LOS ANGELES P.O. BOX 4430

LANCASTER, CA 93539.


DEFENDANT (1) SERGEANT D. BALKIND, WHO IS A CORRECTIONS OFFICER OF THE STATE OF

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, WHO AT ALL TIMES MENTIONED

IN THIS COMPLAINT, HELD THE RANK OF SERGEANT, AND, WAS ASSIGNED TO CALIFORNIA MENS

COLONY- EAST AT SAN LUIS OBISPO, CA.


DEFENDANT (2) OFFICER E. NIXON, WHO IS A CORRECTIONS OFFICER OF THE STATE OF

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, WHO AT ALL TIMES MENT-

IONED IN THIS COMPLAINT, HELD THE RANK OF CORRECTIONAL OFFICER, AND WAS ASSIGNED TO

CALIFORNIA MENS COLONY- EAST AT SAN LUIS OBISPO, CA.


DEFENDANT (3) OFFICER LOWE, WHO IS A CORRECTIONS OFFICER OF THE STATE OF CALIFOR-

NIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, WHO AT ALL TIMES MENTIONED IN

THIS COMPLAINT, HELD THE RANK OF CORRECTIONAL OFFICER, AND WAS ASSIGNED TO CALIFORNIA

MENS COLONY- EAST AT SAN LUIS OBISPO, CA.


DEFENDANT (4) WARDEN T. GONZELES, IS THE SUPERINTENDENT OF CALIFORNIA MENS COLONY-

EAST. HE IS LEGALLY RESPONSIBLE FOR THE OPERATION OF (CMC-E) AND FOR THE WELFARE OF ALL

THE INMATES OF THAT PRISON.

EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OR HER OFFICIAL CAPACITY AT ALL TIMES

MENTIONED IN THIS COMPLAINT, AND EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

— Facts —

On 1-29-11, while on the exercise yard, complainant was forced to defend his person from attack by another inmate (Marshall # K-10013). After approximately one minute of fighting a voice from the yards public announcement system, and, voice from officers (c/o) on the ground were shouting "get down on the ground". I heard these shouts two times, but, because the attack of (Marshall) continued, I continued to defend myself. Then suddenly, oleoresin capsicum spray (OCS) was upon me. With burning eyes, I blindly laid out on the ground face down but, surprisingly, I continued to be showered with (OCS), to the side of my face, back of my head, my back, and on and into my buttocks. (My pants came down partially during the fight). In a normal human reaction, I started to squirm in an attempt to cover myself from the fire like burning of the (OCS) leaking into the cleavage of my buttocks on to my rectum. (2 or more 16 to 24 ounce canisters of (OCS) were emptied on my body). Then the assault heighten. I started to feel repeated blows to my neck, back and shoulders. As my bodies reflex balled me into a fetal position the blows continued to my arms, thighs and knees. (My body absorbed over 25 blows from what felt like batons). I yelled in pain, stop, please stop. When the assault finally ended, I was forcefully turned over off of my side back onto my stomach where my arms were pulled back and cuffed. After some time on the ground I over heard c/o's around the scene laughing after one of the c/o's said," thats going to be worse than hemorrhoids". (No one pulled my pants up for me while cuffed on the ground). After some time I was raised to my feet, my pants secured for me, then escorted under restraint, as I walked blindly under escort being held up by a c/o Lowe. c/o Lowe kept saying, "that was excessive force"; c/o Lowe stated this four times, and,

Added "I know Because Im in court for one of them". once we Reached our destination, the decontamination area, I informed c/o Lowe that It was hard for me to walk Because my leg was numb and throbbing. (He gave no Response). once decontaminated, I was taken to the East medical clinic where I was decontaminated for a second time due to the excessive amount of (OCS) used. A nurse (name unknown) and c/o Lowe performed the second decontamination, and, also, generated an initial exam form C.D.C.R 7219. See. Exhibit. B . . During this medical exam, Sergeant (Sgt.) Balkind entered the Room and engaged me by saying, "do you know who hit you". I said no., my eyes were Burning. c/o Lowe Broke in and stated," Sgt. Alcorn wants to take pictures of the Inmates Injuries". Sgt. Balkind Responded, "There will not be any picture of him, he's going to the Ad-Seq unit". (the hole). Sgt. Balkind then left the Room. After the nurse exam, I was Escorted to (the hole) By c/o Lowe. while walking c/o Lowe stated again," that was excessive force". I asked who was It. He said, "The Sergeant and Nixon". I said, the Sergeant?. c/o Lowe said," Yea Balkind".

The next day 1-30-11, an attempt was made to move me Back to the clinic for another exam. so that I could be entered into a mental health crisis bed (MHCB), But I was unable to walk, I had to be taken by Electric Transport Vehicle (ETV). once at the clinic, a doctor (name unknown) examined my leg and immediately ordered X-Rays, which Revealed a fracture to my knee cap in multiple places. This discovery caused the (MHCB) to be put on hold because I could not walk. Instead, I was sent by wheel chair to the Hospital. see. Exhibit. C . . while waiting in a Room to be admitted, Sgt. Balkind showed up, this time with a c/o Simpson. They entered the Room and stoped Right inside the door, then started staring at me in an intimidating Fashion. This went on for like 30 seconds before

I said, LEAVE ME ALONE. Sgt. Balkind then started talking to C/O Simpson as though I was not in the room, stating, "This is how you do it, look how you can see the imprint of my baton". Sgt. Balkind then started to laugh, and C/O Simpson joined in, then they walked out.

While in the hospital on 2-2-11, Doctors tried to drain my knee to remove the swelling. This attempt was unsuccessfull. On 2-3-11, I was moved by wheel chair from the hospital to the (MHCB) floor and placed on suicide watch. (No out-side contact, No. pen, pencils, no paper, hidden from the world).

On 2-4-11, I was take to the institutional classification committee (ICC) where Warden Terry C. Gonzeles was present. This (ICC) robotically performed the standard inmate assembly line of duties, while ignoring my attempt to convey what happen to me. (I was forcefully wheeled back to the (MHCB) cell). I was held in (MHCB) without outside contact, and, without medical treatment for my injuries for over 20 days.

On 2-24-11, I was informed that the Ad-Seg Hold on me was lifted, But, I continued to be held in (MHCB).

On 3-2-11, a Lieutenant (Lt.) Gray requested my presence at the D-Quad (PO). I was issued crutches at this time so to walk over to the (PO). Once there I found that the meeting was to conduct a video interview to assist the C.D.C.R executive use of force committee in its investigation. I gave the video interview, and made clear that I was hit with batons over 25 times while not resisting. I also showed my injuries which were still visible. I further, conveyed my fears of returning to C-quad where the C/O who assaulted me work.

The only treatment administered was Tylenol. To this date although I can walk my range is limited and my knee is always in pain. See. Exhibit. C ..-, Note: Program office (PO).

ON 3-9-11, THE FEARS I CONVEYED TO Lt. GRAY AT THE VIDEO INTERVIEW WERE IGNORED AND
I WAS TAKEN FROM THE (MHCB) AND PLACED BACK ON C-QUAD WHERE THE C/O'S WHO ASSAULTED ME
WORK. ONCE BACK ON C-QUAD C/O'S (NAMES UNKNOWN) ON 3RD WATCH MOCKED ME INDIRECTLY BY
SAYING THINGS TO EACHOTHER IN MY EAR SHOT, "PREPARATION H., WILL WORK FOR THAT".
(REFERRING TO THE (OCS) OF MY BUTTOCKS AND RECTUM).

ON 3-27-11, I USED THE ONLY MEASURES AVAILABLE (INMATE GRIEVANCE 602) TO ADDRESS THE
ASSAULT AND BATTERY OF MY PERSON ON 1-29-11, BY SGT. BALKIND AND C/O NIXON. SEE EXHIBIT.
A. .

## — FACTS OF RETALIATION —

ON 6-12-11, I WAS FORCED TO FILE A SECOND (INMATE GRIEVANCE 602) CONCERNING RETALIA-
TION BY THE C/O'S INVOLVED IN MY ORIGINAL GRIEVANCE OF 3-27-11. THIS SECOND GRIEVANCE STEMS
FROM FACTS THAT OCCURED ON 3-30-11, WHERE I WAS ISSUED A RULE VIOLATION REPORT (RVR·115)
FOR THREATENING STAFF. SEE. EXHIBIT. D. .

ON 3-30-11, WHILE STRUGGLING TO WALK WITH AN INMATE (HALL# K-31977) TO C-QUAD DINING
HALL (DH), SGT. BALKIND AND C/O NIXON WERE THERE IN A NORMAL OBSERVATION OF INMATES POSITION
IN FRONT OF THE (DH). AS I APPROACHED, BOTH C/O'S STARED AT ME, AND SGT. BALKIND POINTED ME OUT
WITH HIS FINGER. I ENTERED THE (DH) INCIDENT FREE, BUT UPON MY EXIT OF THE (DH) WITH INMATE
(HALL) WE WERE AGGRESSIVELY APPROACHED BY FOUR C/O'S.; SGT. BALKIND; C/O NIXON; C/O ALLISON;
AND, C/O FREITAS. ... C/O NIXON ADDRESSED INMATE (HALL) STATING, "YOU KEEP WALKING". WHICH
INMATE (HALL) DID. THEN C/O FREITAS LOOKED AT ME AND STATED, "YOUR WANTED AT THE (PO)".
WITH FOUR C/O'S IN TOW, I WALKED DOWN TO THE (PO). I STOPED AT THE ENTRANCE OF THE (PO) WHEN A
VOICE FROM BEHIND SAID, "GO IN, AND GO TO THE STRIP OUT ROOM". (SOR). ONCE INSIDE THE (SOR),

Case 2:12-cv-07278-JGB-JC    Document 11    Filed 09/06/12    Page 7 of 48    Page ID
Case4:12-cv-04084-YGR    Document 1    Filed08/03/12    Page7 of 12
#:106

All four c/o's surrounded me, then c/o. Freitag stated, "The sergeant wants to talk to you". I said, for what. Then sgt. Balkind stated, "I want to talk about your 602 saying I beat you". I said, I don't want to talk to you. Sgt. Balkind stated, "That's ok, I'll do all the talking, the force I used was legal asshole". I stated, I was on the ground. Sgt. Balkind stated, "I was the only one to hit you for resisting, Nixon didn't hit you". I said, I read the reports and all the people on the yard that day saw it too - (inmates), you and him hit me - uncontrolled, c/o. Nixon yelled, "Fuck you mother fucker, fuck you". Sgt. Balkind broke back in and stated, "What do you want to do, we can fight, all you have to do is throw the first punch". I said, I'm not stupid, try something else because this is not going to work. At that moment a c/o Reynoso walked into the (SOR) but then turned and walked out. A minute or so later, c/o Reynoso returned and said, "Serg, let me talk to you". Sgt. Balkind left the (SOR) with c/o Reynoso. At this point, c/o Allison put me into one of the holding cages inside the (SOR). A few minutes later, c/o Reynoso came back into the (SOR) alone, approached my cage and stated, "I'm not sure what you guys were talking about, but I heared you threaten him, and your going to the hole for threatening staff." I was then taken to the east medical clinic for a C.D.C.R 7219. For placement in the hole., but instead, I was placed back into (MHCB)... I protested by going on a hunger strike for 13 days. SEE. Exhibit. E -.

On 6-2-11, I was found guilty of the false charges of threatening staff. SEE. Exhibit. D ..

On 5-18-11, without notice, I was transferred to California Medical Facility (CMF) in Vacaville, CA.

                    — EXHAUSTION OF ADMINISTRATIVE REMEDIES —

Complainant used the only measures available (inmate grievance 602) to resolve these issues. On 3-27-11, I presented the facts of excessive force., and, on 6-12-11, I presented the facts of retaliation to their administrative ends. SEE. Exhibit. A ..

— CAUSE OF ACTION —

Complainant support the following claims by reference to the fact section of his complaint:

1. THE NEED FOR FORCE:

The spraying of (OCS) to complainant's buttocks and into his rectum amounts to a sexual assault. The need to (OCS) one's lower extremities with a pepper spray like substance where (OCS)'s are designed to impair one's vision . . ., and the over 25 blows from batons (involking Rodney King) were unjustified uses of force by Sgt. Balkind and c/o Nixon in violation of the 8th amendment to the United states constitution;

2. THE AMOUNT OF FORCE USED:

After complainant complied with orders to get on the ground when initially hit with (OCS), Sgt. Balkind and c/o Nixon continued to spray me all the way down my back on and into my buttocks and rectum, emptying their (OCS) canisters . . ., their assault then heightened with over 25 blows from batons, these actions by Sgt. Balkind and c/o Nixon were excessive force entended to be vicious and to cause harm in violation of the 8th amendment to the United states constitution;

3. THE EXTENT OF INJURY:

Complainant suffered and continues to suffer because of the action of Sgt. Balkind and c/o Nixon of striking him with over 25 blows from batons, significantly and permanently injuring his knee by breaking it . . ., and the burning and itching of my

Rectum for several days after the assault is injury inflicted in violation of the 8th
amendment to the United States constitution;

4. THE EXTENT OF THREAT TO STAFF:

Staff knew immediately that this was a mutual combat (fight) between inmates. At no
time was the safety of staff an issue. Sgt. Balkind and c/o Nixon took this opportunity
to hurt and frighten complainant and other inmates watching, through the use of excessive
force in violation of the 8th amendment to the United States constitution; and,

5. FAILURE to STOP THE EXCESSIVE FORCE:

C/o Lowe's failure to stop or report the excessive force by his co-workers Sgt. Balkind
and c/o Nixon, and c/o Lowe's complicity after the fact, by not photographing my injuries,
conflict with standards of decency...; Warden T. Gonzeles's deliberate indifference
to my claims of excessive force after he witnessed my corroborating injuries during
(Icc), and his failure to respond reasonably to my claims against c/o's under his
command violate the 8th amendment to the United States constitution.

9

— PRAYER FOR RELIEF —

WHEREFORE, complainant Respectfully prays that this court enter judgment granting complainants:

A declaration that the acts and omissions described herein violate complainants rights under the constitution and laws of the United States;

Compensatory damages in the amount of Eighty thousand Dollars (80,000) against each Defendant, Jointly and severally;

Punitive damages in the amount of twenty thousand Dollars (20,000) against each Defendant;

A Jury Trial on all issues triable by Jury;

Complainants cost in This suit; And,

Any additional Relief This court deems Just, proper, and equitable.

Dated: 7/18/12                    DeNea[signature]
                                 DeNean Young

- VERIFICATION -

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS

ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF,

AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY

THAT THE FOREGOING IS TRUE AND CORRECT.

DATED: 7/18/12                 _____
                              DENEAL YOUNG

## PROOF OF SERVICE BY MAIL

1

2

3    I   DENEAL YOUNG _____ declare,

4    That I am over 18 years of age, and a party to the attached herein

5    case of action, that I reside at C.S.P LOS ANGELES   in the county

6    of LANCASTER   California. My mailing address is, C.S.P. Los Angeles.

7    ____ up or low   C.S.P. P.O.
     D5-116

8    Box 4430, Lancaster, CA 93539

9    On JULY 18 , 20 12 , I delivered to prison officials for

10   mailing at the above address, the attached; Motion For Counsel;

11   CIVIL COMPLAINT U.S.C 1983

12

13   In sealed envelope(s) with postage fully prepaid, addressed to:

14   (1). NORTHERN DISTRICT COURT        (2). _____
            OF CALIFORNIA

15   U.S. COURTHOUSE, 450

16   ●GOLDEN GATE AVE.,
     P.O. BOX 36006
     SAN FRANCISCO, CA 94102-3483

17

18   (3). _____        (4). _____

19

20

21

22   I declare under the penalty of perjury that the foregoing is true

23   and correct. Executed this   18TH day of   JULY , 20 12 , at

24   _____ (CSP), LOS ANGELES

25

26                                              IN PRO PER

# EXHIBIT COVER PAGE

A

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court

☐ Superior Court

☐ Applellate Court

☐ State Supreme Court

☐ United States District Court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

1023247

J55381

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category |
|---|---|---|---|
| | CMC-E | 11-0346 | 7 |
| | | FOR STAFF USE ONLY | |

You ma _____ d Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, *only* one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**

**WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| YOUNG, DENEAL | J55381 | CQ | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

USE OF EXCESSIVE FORCE

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON MARCH 8, 2011
I WAS RELEASED FROM THE MENTAL HEALTH CRISIS BED AFTER BEING IN
AD-SEG DUE TO A INCIDENT THAT OCCURRED ON 1-28-11 IN WHICH
I WAS DEFENDING MYSELF FROM AN ASSAULT OF ANOTHER INMATE. I

B. Action requested (If you need more space, use Section B of the CDCR 602-A): (1) THAT SGT D. BALKINS
AND C/O E. NIXON JR BE INVESTIGATED FOR THEIR UNAUTHORIZED
PARTICIPATION IN THE ASSAULT UPON ME, (2) THAT MY MEDICAL FILE BE
REVIEWED BY THE APPROPRIATE STAFF TO REVIEW THE INJURIES SUSTAINED

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono).*

_____   _____

_____   _____

☒ No, I have not attached any supporting documents. Reason: I CONTACTED MEDICAL RECORDS
VIA CDCR-22 FORM TO OBTAIN COPY OF ALL MEDICAL NOTES FROM
ASSAULT BY STAFF, AS OF DATE I'VE HEARD NOTHING I EVEN
REQUESTED A COPY OF X-RAY TECHNICIAN NOTES ON X-RAYS

Inmate/Parolee Signature: *Deneal Y* ___   Date Submitted: MAR 27 2011

☐ By placing my initials in this box, I waive my right to receive an interview.

A NO  INMATE APPEALS BRANCH  RECEIVED  JUN 24 2011  STAFF USE

C. First Level - Staff Use Only                    Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
   Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

**BYPASS**

First Level Responder: Complete a First Level response. Include Interview _____ date, location, and complete the section below.
   Date of Interview: _____  Interview Location: _____
Your appeal issue is: ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
   See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
            (Print Name)
Reviewer: _____ Title: _____ Signature: _____
            (Print Name)
Date received by AC: _____

| AC Use Only | |
|---|---|
| Date mailed/delivered to appellant ___ / ___ / ___ | |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region; | Log #: | Category: |
|---|---|---|---|
| | CMC-E | 11-0340 | |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| YOUNG DENEAL | JJ5381 | CQ | N/A |

A. Continuation of CDCR 602, Section A only (Explain your issue): WAS ORDERED TO GET DOWN
AND ASSUME THE PRONE POSITION IN WHICH I COMPLIED AFTER
BEING SPRAYED WITH O.C. AND THEN ALL OF A SUDDEN I WAS
ASSAULTED BY SGT D. BALKIND, AND C/O E. NIXON JR WITH THEIR
BATONS. I WAS STRUCK IN THE NECK, LOWER BACK, AND KNEES
SEVERAL TIMES BY SGT D. BALKIND AND C/O E. NIXON JR. MY RECENT
X-RAYS TAKEN AFTER THE ALLEGED ASSAULT DEPICTED A OLD AND
NEW INJURY. I DO NOT PLAY SPORTS SO THERE IS NO POSSIBLE WAY
IT COULD BE FROM RECREATIONAL ACTIVITY BUT ONLY FROM STAFF
ASSAULT BY SGT D. BALKIND AND C/O E. NIXON JR WHO WENT
BEYOND THE CALL OF DUTY TO ASSAULT A BLACK LARGER INMATE
WHO OFFICERS THOUGHT I WAS THE AGGRESSOR.

Inmate/Parolee Signature: _DeNeal Young_    Date Submitted:
MAR 2 7 2011

B. Continuation of CDCR 602, Section B only (Action requested): BY THE STAFF ASSAULT ON 1-29-11 ⊛ THAT
THIS APPEAL BE PROCESSED AS A STAFF COMPLAINT AGAINST BOTH OFFICERS AND PLACED
IN THEIR PERSONNEL FILE FOR A PERIOD OF 5 YEARS.

Inmate/Parolee Signature: _DeNeal Young_    Date Submitted: MAR 2 7 2011

STAFF USE ONLY

Case 2:12-cv-07278-JGB-JC    Document 11    Filed 09/06/12    Page 16 of 48    Page ID
Case4:12-cv-04084-YGR    Document 35-1    Filed08/03/12    Page4 of 33
#:386

15 years?

*Address 115 only*
*Staff Complaint appeal*
*assigned to Log# CMC-E-11-0813*

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

1106286

J55381

| IAB USE ONLY | Institution/Parole Region) | Log# | Category |
|---|---|---|---|
| | CMC-E | 11-0013 | 1 |
| | | FOR STAFF USE ONLY | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.        WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): YOUNG DeNeal | CDC Number: J55381 | Unit/Cell Number: DMH 9112 | Assignment: N/A |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
APPeal RVR 115 LOG No. E-C-11-03-0087

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): The attached RVR
115 is Direct "Reprisal" For APPellant filing a 602 log# CMC-
E-11-00346 on 3-27-2011. on 5-18-2011 APPellant was
transferred to DMH at CMF Vacaville from CMC EAST

B. Action requested (If you need more space, use Section B of the CDCR 602-A): That an ~~Stat~~
Internal Affairs Investigation be conducted into
what occurred on 3-30-2011. That the RVR 115 be
Reversed and Removed From my c-file. That

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
Most of RVR 115* and I.F Report; CDC 128B Hunger
Strike CHRONO* Final copy)

☐ No, I have not attached any supporting documents. Reason :_____

Inmate/Parolee Signature: _____    Date Submitted: 6-12-2011

☐ By placing my initials in this box, I waive my right to receive an interview.

INMATE APPEALS BRANCH

RECEIVED C4
AUG 8 2011

C. First Level - Staff Use Only        JUN 28 2011        Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☑ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

**BYPASS**

First Level Responder: Complete a First Level response... location, and complete the section below.
Date of Interview: _____  Location: _____
Your appeal issue is:  ☐ Granted  ☐ Granted in part  ☐ Denied... First Level response...
See attached letter. If _____  Title: _____  Signature: _____  Date completed: _____
Interviewer: _____ (Print Name)
Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

| AC Use Only | |
|---|---|
| Date mailed/delivered to appellant ___/___/___ | |

Case 2:12-cv-07278-JGB-JC   Document 11   Filed 09/06/12   Page 17 of 48   Page ID
Case4:12-cv-04084-YGR   Document 6-1   Filed08/03/12   Page5 of 33
#:336

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | CMC-E | 11-00717 | 1 |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Young DeNeal | J55381 | DMH Q112 | N/A |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** MHCB. On 5-26-2011
Appellant was allowed to have His Reading materials. At
which time Appellant discovered that "most" of the RVR
115 Final copy had been issued Appellant wishes to
Appeal the RVR115, 3084.2(2) 3320(K)(4) 3084.1 3084.7
On 3-30-2011 Appellant and another inmate was walking to Break
fast morning meal. After Appellant and the accompanying Im
walk out the chow Hall. Sgt D. Balkind and E. Nixon Jr and
2 other 90s Approached Appellant And Ask Appellant to
go into C Quad Program office. once inside Appellant was in
a "Strip out" Room Sgt Balkind, E. Nixon Jr, J. Freitas and
J. Allison "surrounded" Appellant. Then Sgt Balkind Stated
that "He wanted to talk to me about the force that He
used on me" Appellant stated to Sgt Balkind That I did
not want to talk about it" At which time E. Nixon Jr
Begin to curse at Appellant, Stating "Fuck you, mother Fucker
and your family" C/O D. Reynoso was not Present in the Room
at this time, But walk in later and walk out Then came and
got Sgt Balkind and came and told me that I was going
to the Hole for Threatening staff. Which I Never
did.

**Inmate/Parolee Signature:** _(signature)_  **Date Submitted:** 6-12-2011

**B. Continuation of CDCR 602, Section B only (Action requested):** Sgt D. Balkind and E. Nixon Jr
receive the proper punishment for their conduct and
Behavior. That the RVR 115 Be Reissued and Reheard
on 3rd watch

**Inmate/Parolee Signature:** _(signature)_  **Date Submitted:** 6-12-2011

INMATE APPEALS BRANCH

NOV -7 2011

RECEIVED

JUN 29 2011

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## THIRD LEVEL APPEAL DECISION

SEP 1 4 2011

Date:

In re:    Deneal Young, J55381
          California Medical Facility
          P.O. Box 2000
          Vacaville, CA  95696

          TLR Case No.:  1023247        Local Log No.:  CMC-11-00346

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Zamora, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that Correctional Officer E. Nixon and Correctional Sergeant D. Balkind of the California Men's Colony (CMC) assaulted him by using unnecessary and excessive force upon his person. The appellant alleges: on January 29, 2011, while engaged in a fight with an inmate, and while attempting to defend himself, the staff used Oleoresin Capsicum on him; when ordered to get down on the ground, he complied; the staff used their batons to strike him on the neck, back, and knees while he was compliant on the ground; and his x-rays demonstrate he suffered injury as a result of the misconduct. The appellant requests: an investigation of the incident; a review of his medical file and injuries; to process the appeal as a staff complaint; and for the incident to be documented and placed in the personnel files of both staff for a five-year period.

**II    SECOND LEVEL'S DECISION:** The reviewer affirmed that an appropriate supervisory staff was assigned to conduct an inquiry into this matter. The inquiry included a review of the submitted material and an interview of the involved parties. In order to determine the facts, the inquiry arising from this appeal included an interview of the appellant; interview of department employees; and review of current policies, laws, and procedures. Additional research may have included interviews of other inmate's or review of the appellant's central file. The Second Level of Review (SLR) noted that all staff personnel matters are confidential in nature and the appellant will only be notified whether the actions of staff were or were not in compliance with policy. The SLR found that the staff did not violate policy. The SLR partially granted the appeal in that an inquiry was conducted.

**III    THIRD LEVEL DECISION:** Appeal is denied.

   **A.    FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR. In the event that staff conduct was not in compliance with policy, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public, or the inmate population, and would not be released to the appellant. In this case, the institution has reported to the appellant that an inquiry was conducted, and the actions of staff were determined to be in compliance with policy. The Third Level Review (TLR) notes that, although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff, or the placement of documentation in a staff member's personnel file, or that the staff members be reprimanded is beyond the scope of the appeals process. The TLR reviewed the findings of the confidential inquiry and concurs with the findings of the SLR; that the action(s) of staff were in compliance with departmental policy. Therefore, no relief is provided at the TLR.

   **B.    BASIS FOR THE DECISION:**
   California Penal Code Section: 832.5, 832.7, 832.8, 5058
   California Code of Regulations, Title 15, Section: 3000, 3001, 3004, 3005, 3268, 3268.1, 3270, 3271, 3278, 3286, 3300, 3380, 3391
   CDC Operations Manual, Section: 31140.14

DENEAL YOUNG, J55381
CASE NO. 1023247
PAGE 2

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


J. ZAMORA, Appeals Examiner
Office of Appeals

D. FOSTON, Chief
Office of Appeals

cc:    Warden, CMF
        Appeals Coordinator, CMF
        Appeals Coordinator, CMC

State of California                                                                    ATTACHMENT E-3

# Memorandum

Date   :   May 20, 2011

To     :   Young, Deneal
           J-55381, cell 7134
           California Men's Colony

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # CMC-E-11-00346**

**APPEAL ISSUE:**
In your complaint/appeal you allege you were assaulted by Correctional Sergeant D. Balkind and
Correctional Officer E. Nixon. Specifically, you claim on January 29, 2011, you were defending
yourself from the assault of another inmate when you were ordered by correctional staff to get down
and assume a prone position on the ground. You claim you complied with the orders to get down after
pepper spray was utilized by the staff on you. You further allege that when you complied and got in a
prone position you were assaulted by Sergeant Balkind and Officer Nixon when they utilized their
batons to strike you on the Neck, Lower Back, and Knees several times.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the
written complaint has been completed. Based upon this review your appeal has been processed as
a staff complaint appeal inquiry.

**SUMMARY FOR APPEAL INQUIRY:**
Your Staff Complaint was referred to Facility Captain D.H. McAlister for Appeal Inquiry. On May 18,
2011, you were interviewed by Correctional Lieutenant S. Gray concerning your allegations against
Sergeant Balkind and Officer Nixon. During this interview you reiterated your allegations as
documented in your appeal.

Subsequent witnesses regarding this Inquiry:
- Correctional Officer D. Figg
- Correctional Officer W. Montoya
- Correctional Officer R. Lowe
- Correctional Officer R. Regalado
- Inmate Hearod, Willie (T-09568, 6202X)
- Inmate Williams, Charles (V-23883, 1317)
- Inmate Marshall, Gerald (K-10013, ASU 4287)

The following information was reviewed as a result of your allegations of staff misconduct.
- Inmate Appeal Log Number CMC-E-11-00346
- Rights and Responsibility form CDCR-1858
- CDCR Incident Report, number CMC-ECQ-11-01-0037, dated January 29, 2011, authored
  by Correctional Lieutenant H. Earehart
- CDCR-7219 Medical Report of Injury Dated January 29, 2011, authored by Registered
  Nurse B. Horne
- Report of Findings dated March 02 , 2011, authored by Correctional Lieutenant S. Gray

2

Appeal Log Number
MC-E-11-00346

### FINDINGS FOR AN APPEAL INQUIRY:

Your appeal is PARTIALLY GRANTED at the Second level as an inquiry into your allegation has been conducted.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, you have the right to be notified if after a review of your allegations, it is determined that staff violated CDCR policy. In this case Staff did not violate CDCR policy.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

T.V. Gonzalez
Warden (A)
California Men's Colony

5/31/11
Date

# EXHIBIT COVER PAGE

B

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:  (Check only one)

| | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☐ | Applellate Court |
| ☐ | State Supreme Court |
| ☐ | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION

## MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | INJURY | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| CMC-E | E. Clinic | USE OF FORCE | UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 1/29/11 |

| | NAME | LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC |
|---|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | | Young | DeLeal | J55881 | 5256 | 4396 |

| | | | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR STAFF ONLY | NAME | LAST | N/A | N/A | N/A | N/A |

| | NAME | LAST | FIRST | MIDDLE | DOB | OCCUPATION |
| THIS SECTION FOR VISITOR ONLY | | | N/A | | N/A | N/A |

| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |
|---|---|---|---|---|---|
| | | N/A | N/A | N/A | N/A |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| C Quad Yard | 1000 | Custody / others |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL (circle) | AGE | RACE | SEX |
|---|---|---|---|---|---|---|
| 1015 | 1015 | C/O Relowe | AMBULATORY  LITTER  WHEELCHAIR  ON SITE | 39 | B | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

" Misunderstanding "

| INJURIES FOUND?  YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |



red eye
red eye
Scabbed
cut

Scratch
Scratch
un

SCAR-O
bullet scar
lump
scab

| O.C. SPRAY EXPOSURE? | YES / NO |
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | ✓ |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| 1015  B. Horne RN | DR. CAIN 1034 |

| TIME/DISPOSITION |
|---|
| Released to custody |

| REPORT COMPLETED BY/TITLE | (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|---|
| B. Hornen / B. Hornen | | | VARy |

(Medical data is to be included in progress note or emergency care record filed in UHR)

# EXHIBIT COVER PAGE

C

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:  (Check only one)

[ ]  Municipal Court

[ ]  Superior Court

[ ]  Appellate Court

[ ]  State Supreme Court

[ ]  United States District Court

[ ]  State Circuit Court

[ ]  United States Supreme Court

[ ]  Grand Jury

# COPIES OF INMATE HOSPITALIZATION

CALIFORNIA MEN'S COLONY STATE PRISON
HWY ONE
P O BOX 8101
SAN LUIS OBISPO, CA  93409-8101

PHONE:        (805) 547-7540
FAX:           (805) 547-7556

Admission #      11011        CDC #    J55381

Date of Admission:    1-30-11     Name:    Young, Deneal

Date of Discharge:    2-2-11

NOTE:  Not included in these copies are ancillary staff/nursing notes, graphics
and other miscellaneous reports. If copies of these documents are needed,
please call the Health Records Technician at the number above or fax a request.

DEPARTMENT OF CORRECTIONS & REHABILITATION        STATE OF CALIFORNIA

DATE OF ADMISSION: 01/30/2011
DATE OF DISCHARGE: 02/02/2011

HISTORY:  The patient is a 40-year-old African American male with a history of depression who was
extracted from his cell on the day prior to admission and was subdued using pepper spray. He was evidently
struck with a baton and reported that he was unable to walk. He was seen by the Medical Officer of the Day
(MOD) on the date of admission with evidence for trauma in the right upper arm, right thigh, and right knee.
He in fact was unable to ambulate due to severe pain in the knee and was therefore admitted to the hospital
for further evaluation.  An x-ray of the knee showed an irregular patella with evidence for old injury and
there was suspicion for a chip fracture but this was not confirmed at the time of admission.

PHYSICAL EXAMINATION:
GENERAL:  The patient is well-developed well-nourished male in no acute distress.
VITAL SIGNS: Blood pressure 138/82, respiratory rate 18, heart rate 68, temperature 100.2 degrees.
HEENT: Noncontributory.
NECK: Range of motion adequate. No lymphadenopathy. No thyromegaly.
CHEST: Breath sounds clear in all fields.
CARDIAC: Regular rate and rhythm. No S3 or S4. No murmurs appreciated.
ABDOMEN: Soft, nontender. No organomegaly. No masses. Bowel sounds present.
EXTREMITIES:  There is a linear bruise present on the right upper arm and the right thigh and around the
right knee. There is a tense effusion in the right knee with tenderness with any attempt to flex or extend the
knee. There was tenderness to palpate the patella. He was able to lift and lock the lower leg.

LABORATORY DATA:  None.  Formal x-ray report revealed large effusion, lateral subluxation of the
patella, irregularities of the lateral and anterolateral aspect of the patella probably the result of prior injury.

HOSPITAL COURSE:  The patient was placed in an Administrative Segregation (AD-SEG) bed with
1-to-1 nursing as prescribed by the psychiatry staff due to his history of suicidal ideation. He was treated
with Tylenol No. 3 as an analgesic and was placed at bed rest. He complained of significant pain for the 1st
several days of his hospitalization but yet was able to maneuver about with some difficulty in his cell. He
was seen in consultation by Dr. B. Griffin on February 1, 2011. In an attempt to aspirate the effusion was
made but there was no fluid obtainable from the knee joint itself. There did appear to be an effusion in the
prepatellar suprapatellar bursa. On the date of discharge there was significant reduction in swelling and
decrease in pain. It was felt that his pain was related to traumatic bursitis and possibly bone bruise. At the
point of discharge it was felt that he no longer required inpatient care and he was therefore discharged to
Mental Health Crisis Bed under the care of the attending psychiatrist.

DISCHARGE DIAGNOSIS:
1.   Traumatic bursitis right knee.

CDC NO: J55381
NAME: YOUNG, DENEAL
DOB: 11/16/1970

CALIFORNIA MEN'S COLONY
NARRATIVE DISCHARGE AND TRANSFER SUMMARY
CDC-7128

2.    Bone contusion, patella, right.
3.    Soft tissue contusion right upper arm, resolving.
4.    Depression.

**DISPOSITION:** The patient is discharged to the Mental Health Crisis Bed. Medications at the time of discharge include Tylenol No. 3 two tablets p.o. t.i.d. p.r.n. pain, Fiber-Lax 2 tablets p.o. q. day, docusate sodium 200 mg p.o. q. day, indomethacin 50 mg p.o. t.i.d., milk of magnesia 30 mL p.o. b.i.d. p.r.n. constipation. Psychiatric medications during his hospital stay included Abilify 5 mg p.o. at bedtime and sertraline 100 mg p.o. at bedtime. Condition on discharge was stable. The patient will be issued crutches to use if he needs to ambulate outside of his cell. A request has been made for PCP followup 10 days post discharge.

THOMAS AMATO, M.D.

TA/sts
D: 02/02/2011 12:03:00 EST
T: 02/02/2011 13:17:23 EST
Job #: 33515

Orig:    HRT

CDC NO: J55381
NAME: YOUNG, DENEAL
DOB: 11/16/1970

CALIFORNIA MEN'S COLONY
NARRATIVE DISCHARGE AND TRANSFER SUMMARY
CDC-7128

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed and signed) |
|---|---|---|---|
| 1-31-11 | 12 00 | 1. | ADMIT TO THE HOSPITAL FOR: ☐ For 5 point restraints for 8 hours  ☑ 1:1 Continuous Observation |
| | | 2. | MEDICAL DIAGNOSIS: |
| | | 3. | PSYCHIATRIC DIAGNOSIS: Major Depression Nco |
| | | 4. | REASON FOR: ☐ 5-POINT RESTRAINTS OR ☑ 1:1 CONTINUOUS OBSERVATION (ENTRANCE CRITERA MUST BE CLEARLY DEFINED)  Pt is actively Suicidal & can't ambulate so he cur't house in mtcs |
| | | 5. | EXIT CRITERIA (MUST BE CLEARLY DEFINED) FOR RELEASE FROM: ☐ 5-POINT RESTRAINTS OR ☑ 1:1 OBSERVATION <br> ☐ SUBSTANTIALLY REDUCED AGITATION <br> ☐ SUBSTANTIALLY REDUCED AGGRESSION, VERBAL AND PHYSICAL <br> ☐ SUBSTANTIALLY REDUCED SUICIDALITY / THOUGHTS OF SELF INJURY <br> ☑ SUBSTANTIALLY IMPROVED VERBAL AND BEHAVIORAL SELF CONTROL <br> ☐ SUBSTANTIALLY IMPROVED UNDERSTANDING OF BEHAVIORS THAT LED TO RESTRAINT. <br> ☐ SUBSTANTIALLY IMPROVED ABILITY TO DESCRIBE PLAN FOR BEHAVIOR AND PROBLEM <br> ☑ SUBSTANTIALLY IMPROVED ABILITY TO DESCRIBE PLAN FOR BEHAVIOR AND PROBLEM SOLVING AFTER RELEASE <br> ☐ SUBSTANTIALLY IMPROVED ABILITY TO WORK WITH STAFF / COMPLY WITH CUSTODY DIRECTIONS <br> ☐ OTHER: |
| | | 6. | (MUST BE SERVED ON A CUSTODY TRAY) DIET: Per medical |
| | | 7. | VITAL SIGNS Q 2 HOURS  Per medical |
| | | 8. | DIRECT, CELL-FRONT, ONE-ON-ONE OR ONE-ON-TWO IN-PERSON OBSERVATION. STAFF MEMBER MUST HAVE DIRECT LINE OF SIGHT OBSERVATION OF INMATE-PATIENT(S) |
| | | 9. | PRIOR TO ANY RELEASE OF RESTRAINTS, THE CHARGE NURSE AND THE NURSE ASSIGNED TO THE INMATE-PATIENT WILL EVALUATE AND DOCUMENT THE INMATE-PATIENT'S MENTAL STATUS. |
| | | 10. | INMATE-PATIENT MAY HAVE ONE HAND FREE (NON-DOMINATE HAND) FOR 15 MINUTES AT MEALTIME UNDER OBSERVATION IF COOPERATIVE.  N/A |
| | | 11. | ROM CARE Q 1 HOUR  N/A |
| | | 12. | STRICT I&O / OFFER FLUIDS 120 ML PER HOUR.  N/A |
| | | 13. | OFFER URINAL AND / OR BEDPAN Q 2 HOURS (DISPOSABLE ONLY)  N/A |

ALLERGIES: NKA    INSTITUTION: CMC    ROOM: 247

**PHYSICIAN'S ADMISSION ORDERS**
**5- POINT RESTRAINT AND 1:1 CONTINUOUS OBSERVATION**

CDC NUMBER, NAME (LAST, FIRST, MI)

Young, D
J 55381
11-16-70

CONFIDENTIAL CLIENT INFORMATION
SEE W & I CODE SECTIONS

Case 2:12-cv-07278-JGB-JC    Document 11    Filed 09/06/12    Page 29 of 48    Page ID
#:148
Case4:12-cv-04084-YGR    Document 1-1    Filed08/03/12    Page17 of 33

| DATE | TIME | |
|---|---|---|
| 1/29/11 1015 | | (S) Pt brought in for 7219 after being peppered spray. # Pt complains " pain in (R) arm, (R) leg, (R) side. — (O) T 98° O₂ Sat 98% P 86 R 22 BP 150/10 Weight 333 6'6" . Pt has decontaminated x 2 before arrival. Changed clothes, washed face. Eyes red. Dr. Cain notified — B. Horman |
| 1/29/11 | 1040 | (O) Dr. Cain examining Pt. O₂ Sat 98-99% P 88 R 20 BP 148/98. Ice pack to (R) Knee (A) Pain as stated by Pt to be 5/10 (P) Called psych because Pt answered yes to question #2 on ASU pre-placement screen. Has tried suicide. (E) Pt educated. To report to staff if suicidal. — B. Horman |
| 1/29/11 | 1100 | Dr. Watter returned call Pt may be admitted to Ad-Seg. Pt denies SI/HI/AH today. (P) Released to custody. Ice taken off (R) Knee — B. Horman |
| 1/29/11 | | S — OC spray alteration. O — A + O NAD, welts apparently from "Infen Strike" lot (R) thigh & Knee. No open deep injury, minor scratches noted as per 7219. A — Contusion (R) thigh / Knee, OC sprayed. P — Pt was decon. |

**INTERDISCIPLINARY PROGRESS NOTES**

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

Young  DeNeal
J  55381

11-16-71

INSTITUTION        HOUSING UNIT

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

Case 2:12-cv-07278-JGB-JC    Document 11    Filed 09/06/12    Page 30 of 48    Page ID
Case4:12-cv-04084-YGR    Document 1    Filed08/03/12    Page18 of 33
                          #:149

| DATE | TIME | |
|---|---|---|
| 1/30/11 | 0850 | S: My right knee is in pain. I can't walk!<br>O/A- I/M brought in to E. clinic by custody via ETV<br>for 7219. Order obtained by LPT Dassmann from<br>Dr. Walta, POD, for I/M to be admitted to MHCB on P.<br>Form 7219 completed - noted ® knee swelling; tender to<br>touch. I/M claims he cannot or unable to walk due<br>to pain. Denies numbness/tingling to ® leg + other extremities.<br>Also noted some bruising/bluish discoloration to ® upper<br>forearm, some swelling noted to site. Reddened area noted<br>to ® side of abdomen + to ① upper back. Also<br>noted welt ® thigh. Vital signs checked: T = 99.8<br>P = 69  R-16  BP = 131/82    O₂ Sat = 99% RA<br>P- Refer to Dr. Ralston, MOD, regarding I/M's c/o ® knee<br>pain + swelling. _____ RN. |
| | 0900 | I/M seen + examined by MD. ® knee X-ray ordered. By<br>See ly yesterday + today - States he was lift by before<br>on ® knee - now unable to bear weight - or bench kneel.<br>Still depressed. |
| MOD<br>0930 | | O - Overweight c b/legic<br>Linear bruise on ® upper arm, ® thigh + buttock<br>bruising around ® lateral knee - Tense, tender.<br>Swelling of knee suprapatellar + patella bursa. Tender<br>over patella - + movement in knee<br>cont - D Robb          D. Ralston, M.D. |

INTERDISCIPLINARY PROGRESS NOTES

**INSTITUTION**
CDC-E

**HOUSING UNIT**

**CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH**

Young, D.
U 55381

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

Case 2:12-cv-07278-JGB-JC   Document 11   Filed 09/06/12   Page 31 of 48   Page ID
Case4:12-cv-04084-YGR   Document 15-1   Filed08/03/12   Page19 of 33
#:1501

| DATE | TIME | |
|------|------|---|
| 1/30/11 | | Continued — MD |

X-ray (R) knee — several different views to look
over course of thr — irregularity of (R) patella
c̄ ? old vs new crack on edge of patella.
Bursa effusion noted.

A — Traumatic (R) knee bursitis — ? chip on
patella.
— Depression
— Obesity
— chronic LBP.

P — unable to walk — can't be in MHCB —
Admit to CMC Hospital — ? Joint
aspiration ?

D. Ralston, M.D.

INSTITUTION                    HOUSING UNIT

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

YOUNG, D
J 55381
11/16/71

**INTERDISCIPLINARY PROGRESS NOTES**

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

## California Department of Corrections

Date: 2-1-11 _____ Time: 11:10 _____

1. I hereby authorize Dr. GRIFFIN _____ and/or whomever he may designate to perform

upon YOUNG DENEAL _____ the following operation:
(State name of patient or "myself")

Drain Fluid FRom Right Knee _____

and if any unforeseen condition arises in the course of the operation calling on his or their judgment
for the procedures in addition to or different from those now contemplated, I further request and
authorize him or them to do whatever he or they deem advisable.

2. The nature and purpose of the operation, possible alternative methods of treatment, the risks
involved, and the possibility of complications have been fully explained to me. I acknowledge that
no guarantee or assurance has been made as to the results that may be obtained.

3. I hereby authorize Dr. GRIFFIN _____ and/or whomever he may designate to
administer such anesthetics as he may deem appropriate.

X _____
(Signature of Patient or Legal Guardian)

_____
(Witness)

Remarks: _____

_____

_____

_____

_____

Consent for Surgical Operation

California Men's Colony

CDC Number: J55381

Name: YOUNG DENEAL

D.O.B.: 11-16-70

CMC-MED-320 (07/02) 0517

# EXHIBIT COVER PAGE

EXHIBIT $\mathcal{D}$

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court

☐  Superior Court

☐  Applellate Court

☐  State Supreme Court

☐  United States District Court

☐  State Circuit Court

☐  United States Supreme Court

☐  Grand Jury

4/4/11

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
**RULES VIOLATION REPORT** 804 to Records:

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. E-C |
|---|---|---|---|---|---|---|
| J-55381 | YOUNG, DENEAL | | MEPD: LIFE | CMC-E | 5269X | 11-03-0087 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| CCR § 3005(d)(1) | | THREATENING STAFF | | C-Quad | 3/30/2011 | 0730 |

CIRCUMSTANCES

On March 30, 2011, at approximately 0730 hours, while performing my duties as C-Quad Yard Sergeant,
I was monitoring inmate movement and activity during the morning meal service. I observed Inmate
YOUNG, DENEAL (J-55381 / 5269X) gritting his teeth and glaring at me in what I perceived to be a
hostile manner. As a result, YOUNG was escorted to a Temporary Holding Cell within the C-Quad
Program Office pending interview to determine the nature of his exhibited behavior.

During an interview I conducted with YOUNG, in the presence of additional Custody Staff, I questioned
YOUNG as to what issues or concerns he may have. YOUNG suddenly and without provocation,
became increasingly belligerent and hostile, stating directly to me at an elevated volume, "You didn't
have to hit me with your baton! You got all your partners around you now! You're not a real man! You'll

(RVR Page 1 of 3)

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ D. BALKIND, Correctional Sergeant | | 3/30/2011 | 73A | T/F |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | | |
| ▶ M. ROCHA, Correctional Lieutenant | 04-03-2011 | 3/30/2011 | LOC. 7134 | |
| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
| ☐ ADMINISTRATIVE | E 31-60 | 4-4-11 | ▶ S. SMITH, Facility Captain | ☐ HO ☑ SHO ☐ SC ☐ FC |
| ☑ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| ☑ CDC 115 | ▶ | 4/4/11 | 1715 | CDC 7219 | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | | 4/4/11 | 1215 |

HEARING

| TITLE OF SUPPLEMENT | | TITLE OF SUPPLEMENT | | TITLE OF SUPPLEMENT | |
|---|---|---|---|---|---|
| MENTAL HEALTH ASSESSMENT | | N/A | | N/A | |
| BY: (STAFF'S SIGNATURE) | DATE TIME | BY: (STAFF'S SIGNATURE) | DATE TIME | BY: (STAFF'S SIGNATURE) | DATE TIME |
| ▶ N/A | 4/15/11 1030 | N/A | N/A N/A | N/A | N/A N/A |

**PLEA: NOT GUILTY**        **FINDINGS: GUILTY**

# *HEARING CONTINUED ON CDC FORM 115, PART "C"*

| REFERRED TO: ☐ CLASSIFICATION    ☐ BPT/NAEA | | | Hearing Page 1 of 6 | DATE | TIME |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | 5/2/11 | 1150 |
| S. JOHNSON, Correctional Lieutenant | | ▶ | | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ▶ | 5-10-11 | ▶ | | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME |

CDC 115 (7/88)

Case 2:12-cv-07278-JGB-JC    Document 11    Filed 09/06/12    Page 35 of 48    Page ID
Case4:12-cv-04084-YGR   Document41-1  Filed08/03/12  Page23 of 33
#:641

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

RVR PAGE 2 OF 3

## RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-35361 | YOUNG, DENEAL | ECC-11-01-0067 | CMC-E | 3/30/2011 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF   ☒ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☐ OTHER

be by yourself one day! It's a small world. I know people on the streets! Someday, I'll run into you! I know people that know where people live at and someday you might see somebody!" YOUNG was questioned regarding the origin of his hostility towards me, to which he became evasive and uncooperative, failing to further cooperate with the interview process.

On January 29, 2011, YOUNG was involved in a fight on the C-Quad Yard, wherein the use of force was necessary to gain compliance with lawful orders. When chemical agents administered by multiple Custody Staff, inclusive of myself, did not achieve the desired effect, it became necessary to transition to Monadnock Expandable Batons. Multiple baton strikes were exacted to gain compliance. As a result of that incident, YOUNG was re-housed into the Administrative Segregation Unit (ASU), from which he was released back to the C-Quad General Population (GP) on March 9, 2011. However, based upon YOUNG's inflammatory statements, it is apparent he harbors resentment towards me due to the use of force and/or the negative impact the underlying incident had upon his program and case factors.

Based upon YOUNG's statements, which I perceived as a direct threat to my personal safety and possibly the safety of others, Supervisory Staff made the determination to re-house YOUNG into ASU. YOUNG was escorted to the East Medical Clinic for completion of a CDC-7219 Medical Report of Injury or Unusual Occurrence, medically cleared, and re-housed into ASU without further incident. Inmate YOUNG was advised he would be receiving a CDC-115 Rules Violation Report (RVR) for his actions, and is aware of this report.

In view of the above circumstances, it **does not** appear this RVR was motivated by gang/race issues.

YOUNG **is** a participant in the Mental Health Services Delivery System (MHSDS), at the Correctional Clinical Case Management System (CCCMS) level of care. Documented Test of Adult Basic Education (TABE) score of <u>9.6</u> Grade Point Level (GPL).

## THE FOLLOWING TO BE COMPLETED DURING INITIAL SERVICE

☐ THERE ARE NO FACTORS THAT REQUIRE EQUALLY EFFECTIVE COMMUNICATION FOR THE INITIAL SERVICE OF THIS RVR.

☒ THE DISABILITY EFFECTIVE COMMUNICATION SYSTEM (DECS) AND/OR CENTRAL FILE WAS REVIEWED AND THE INMATE WAS QUERIED FOR EFFECTIVE COMMUNICATION, WHICH WAS ESTABLISHED AS FOLLOWS:

☒ Staff Assistant was assigned (Note: If assigned must be present during initial service)

_____ was present during the initial service.

| | | DATE SIGNED |
|---|---|---|
| SIGNATURE OF WRITER | | 3/30/2011 |
| D. BALKIND, Correctional Sergeant | | |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 4/6/11 | 1215 |

☐ COPY OF CDC 115-C GIVEN TO INMATE

OSP 07 101947

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C

IRVR PAGE 3 OF 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J68881 | YOUNG, DENEAL | FBC-11-03-0087 | GMCIE | 3/30/2011 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF   ☒ 115 CIRCUMSTANCES   ☐ HEARING   ☐ I.E. REPORT   ☐ OTHER

"S" was identified with:
☐ TABE 4.0 or lower. "S" TABE is _____   ☐ CPL ☐ MHSDS-☐ CCCMS ☐ MHCB ☐ (EOP)   ☐ Foreign Language Speaking

Primary method of communication: (Refer to DECS Central File and query inmate)

Assistance provided to ensure effective communication:
☐ Read Documents to "S"   ☒ Simple English Spoken Slowly & Clearly   ☐ Foreign Language
☐ Other _____

Method used to determine communication was effective:
☒ S reiterated in his own words, what was explained
☒ S provided appropriate, substantive responses to questions asked
☒ S asked appropriate questions regarding the information provided

(print/sign/date)

Completed by: TISD Niel

| SIGNATURE OF WRITER<br>D. BALKIND, Correctional Sergeant | | DATE SIGNED<br>3/30/2011 |
|---|---|---|
| GIVEN BY: [Staff's Signature]<br>Niel | DATE SIGNED<br>4/6/11 | TIME SIGNED<br>1215 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

OSP 07 101947

# EXHIBIT COVER PAGE

E

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court

☐ Superior Court

☐ Applellate Court

☐ State Supreme Court

☐ United States District Court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

Case 2:12-cv-07278-JGB-JC   Document 11   Filed 09/06/12   Page 38 of 48   Page ID
Case4:12-cv-04084-YGR   Document 157-1   Filed08/03/12   Page26 of 33
#:157

STATE OF CALIFORNIA
**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**



—ATMENT OF CORRECTIONS AND REHABILITATION

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | ON THE JOB INJURY | DATE |
| CMCC | 4 | INJURY / UNUSUAL OCCURRENCE  USE OF FORCE  UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 3/30/11 |

| THIS SECTION FOR INMATE ONLY | NAME | LAST Young | FIRST Denval | CDC NUMBER J55161 | HOUSING LOC. 5269 | NEW HOUSING LOC. 7134 |
| THIS SECTION FOR STAFF ONLY | NAME | LAST Nc | FIRST Nc | BADGE # Nc | RANK/CLASS Nc | ASSIGNMENT/RDOs Nc |
| THIS SECTION FOR VISITOR ONLY | NAME | LAST | FIRST Nc | MIDDLE | DOB Nc | OCCUPATION Nc |
| | HOME ADDRESS | CITY | STATE Nc | ZIP | HOME PHONE Nc |

| PLACE OF OCCURRENCE C Quad Yard | DATE/TIME OF OCCURRENCE 3/30/11 | NAME OF WITNESS(ES) NONE | | | |
| TIME NOTIFIED 0935 | TIME SEEN 6935 | ESCORTED BY Pulgidan CO | MODE OF ARRIVAL *(circle)*  LITTER  (AMBULATORY)  ON SITE  WHEELCHAIR | AGE 40 | RACE B | SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE
"N/A"

| INJURIES FOUND? | YES / NO | |
|---|---|---|
| Abrasion/Scratch | 1 | |
| Active Bleeding | 2 | |
| Broken Bone | 3 | |
| Bruise/Discolored Area | 4 | |
| Burn | 5 | |
| Dislocation | 6 | |
| Dried Blood | 7 | |
| Fresh Tattoo | 8 | |
| Cut/Laceration/Slash | 9 | |
| O.C. Spray Area | 10 | |
| Pain | 11 | |
| Protrusion | 12 | |
| Puncture | 13 | |
| Reddened Area | 14 | |
| Skin Flap | 15 | |
| Swollen Area | 16 | |
| Other | 17 | |
| | 18 | |
| | 19 | |

O.C. SPRAY EXPOSURE?   YES / NO
DECONTAMINATED?   YES / NO
Self-decontamination instructions given?   YES / NO
Refused decontamination?   YES / NO
Q 15 min. checks
Staff issued exposure packet?   YES / NO

| RN NOTIFIED/TIME 0935  self | PHYSICIAN NOTIFIED/TIME Dr Wright 0948 |
| TIME/DISPOSITION 0955 - to MXCB | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) Evrega Jones RN | BADGE # 147379b | RDOs SS |

(Medical data is to be included in progress note or emergency care record filed in UHR)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**HEALTH CARE SERVICES**
**PHYSICIAN REQUEST FOR SERVICE**
(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| PATIENT NAME YOUNG, DENEAL | CDC NUMBER J55381 | INSTITUTION CMC |
| DATE OF BIRTH 11-16-70 | EPRD DATE | GENDER M |
| PRINCIPLE DIAGNOSIS Traumatic knee effusion | ICD - 9 CODE | CPT CODE(S) |
| REQUESTED SERVICE(S) PM & R | | # OF DAYS RECOMMENDED |

*Please circle all that apply:*  Diagnostic Procedure/Consultation     Outpatient/Inpatient          Initial/Follow-up

Requested Treatment/Service is:     EMERGENT          URGENT          ROUTINE

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____
_____ Anticipated Length of Stay: _____

Proposed Provider: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity *(briefly describe the clinical situation: the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant):* Pain, Swelling (R) knee + Trauma Effusion ↓ROM

Physical therapy as routine.

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE |
| REQUESTING PHYSICIAN PRINTED NAME AMATO | | |
| REQUESTING PHYSICIAN SIGNATURE | DATE 1-31-11 | Utilization management tracking #: |
| DATE OF CONSULTATION | PRINTED NAME OF CONSULTANT | |

FINDINGS: _____
_____
_____

RECOMMENDATIONS: _____
_____
_____

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _____

| CONSULTANT SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH J55381 |
| ETA RN SIGNATURE | DATE | YOUNG, D. |
| PCP SIGNATURE | DATE | DENEAL   11-16-70 |

**Attach Progress Note page for additional information.**
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN    - TO UHR PENDING ORIGINAL
CANARY   - CONSULTANT
PINK     - UM
GOLD     - SPECIALTY SCHEDULER

CDC 7243 (Rev. 11/02)

PHYSICIAN REQUEST FOR SERVICES (RFS)

4/7/11

## REVIEWING CUSTODY SUPERVISOR

A Rules Violation Report (RVR), CDC-115, has been written on the following inmate, who requires a mental
health assessment.

7134

Inmate Name: YOUNG, DENEAL                     CDC Number: J-55381

RVR Log Number: E-C-11-03-0087        Date of Violation: 3/30/2011      Housing: 7134

Specific Act Charged: 3005(D)(1) THREATENING STAFF

The inmate's current Mental Health Level of Care is: (check one)
☐ NOT IN MENTAL HEALTH PROGRAM*  ☐ CCCMS*  ☐ EOP*  ☒ MCHB*  ☐ DMH*
CCCMS AND NON-MHSDS PROGRAM PARTICIPANTS WILL BE REFERRED FOR A MENTAL HEALTH
ASSESSMENT FOR "BIZARRE, UNUSUAL OR UNCHARACTERISTIC" BEHAVIOR.
Sent to Mental Health: 4-6-11    By: D. CHAVEZ    /   [signature]
                        Date                Print Name              Signature
Return this form to : C-QUAD By: 4-11  (CCCMS and non-MHSDS, 5 working days; EOP/MHCBB/DMH, 5 calendar days)

## MENTAL HEALTH CLINICIAN

Use "lay terms" for responses
Conducted non-confidential interview: 4/7/11 _____ (Inmate informed of non-confidentiality).
                                        Date

1. CCCMS/NON-MHSDS only.  Are there any mental health factors that would cause the inmate to
   experience difficulty in understanding the disciplinary process and representing his/her interests in
   the hearing that would indicate the need for the assignment of a Staff Assistant?
   [ ] Yes ☒ No  Explain "yes" response (This section not applicable to MHCBU placement/LOC)
   _____

2. In your opinion, did the inmate's mental disorder appear to contribute to the behavior that led to the
   RVR? [ ] Yes ☒ No  Explain "yes" response_____
   _____

3. If the inmate is found guilty of the offense, are there any mental health factors that the hearing officer
   should consider in assessing the penalty? [ ] Yes ☒ No  Explain "yes" response: _____
   _____

| Institution: | Clinician: | Signature: | Date: |
|---|---|---|---|
| CMC-E | S. CONNOR | [signature] | 4/7/11 |
| Received by (custody staff) Name: | | Signature: | Date: |
| | | | |

Distribution: Original: Central File with adjudicated CDC-115;
First Copy: Unit Health Record;
Second Copy: Inmate

| | Inmate Name.......CDC # ......................DOB |
|---|---|
| RULES VIOLATION REPORT: | |
| MENTAL HEALTH ASSESSMENT | |
| STATE OF CALIFORNIA/DEPARTMENT OF CORRECTIONS | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 B (4-87)

**NAME and NUMBER:**     YOUNG, Deneal     J-55381     **RM:**     7134

On 3/31/2011, at approximately 0745 hours, it was determined Inmate YOUNG (J-55381) had begun a hunger strike by refusing to eat solid food but accepting liquids (water). Today, 4/9/2011, at approximately 0745 hours, is day number 10 he has refused to eat. The most recent refusal was Breakfast. Following this refusal, I interviewed YOUNG, who declined to make any statement. I notified CMC medical staff by speaking with RN R. Garcia at Phone Ext# 7337. Because this notification was at least 24 hours after the first clinic evaluation, I requested medical staff schedule a daily clinic evaluation by nursing staff. This evaluation was not completed per Dr. Reese who did not request YOUNG be evaluated at the CMC East Medical Clinic. A Medical Report/Hunger Strike Assessment was completed on 4/8/2011, at approximately 1100 hours by RN R. Garcia in the Mental Health Crisis Bed, who determined YOUNG weighed 288 pounds. I ensured this chrono was promptly typed with copies hand-carried and delivered to the areas on the distribution list below.

Associate Warden
Chief Medical Officer
Chief Psychiatrist
D-Quad Facility Captain

P. L. Ward, Correctional Sergeant
Post 5258: MHCB Sergeant
D-Quad, CMC-E, 2nd Watch

ORIG: C-File
cc:  Warden
     Chief Deputy Administrator – East Facility
     Public Information Officer

**DATE:**   4/9/2011                **HUNGER STRIKE CHRONO**        **CMC-E**        **GENERAL CHRONO**

Case 2:12-cv-07278-JGB-JC   Document 11   Filed 09/06/12   Page 42 of 48   Page ID
Case4:12-cv-04084-YGR   Document 61-1   Filed08/03/12   Page30 of 33
#:161

'State of California'

Department of Corrections and Rehabilitation

# Memorandum

**Date**     :   September 1, 2011

**To**       :   YOUNG, DENEAL
             J-55381, Cell Q112
             California Medical Facility

**Subject**  :   **SECOND LEVEL REVIEW**
             **CMC APPEAL LOG # CMC-E-11-00717**

### APPEAL: PARTIALLY GRANTED

A review of your appeal has been completed. Your complaint, including requested remedial action, has received careful consideration.

### APPEAL ISSUE:

You state in your appeal on March 30, 2011, you received a Rules Violation Report (RVR), Log #E-C-11-03-0087, for violation of California Code of Regulations (CCR), Title 15, Section (§) 3005(d)(1), specifically, Threatening Staff. You contend you received the RVR as "reprisal" for filing an appeal on March 27, 2011. You state on March 30, 2011, Correctional Sergeant Balkind asked you to go to the C Quad Office, where you state you were in what you refer to as a "strip out room." You contend Correctional Sergeant Balkind, accompanied by Correctional Officers Nixon, Freitas and Allison surrounded you, at which time Correctional Sergeant Balkind said he wanted to talk to you about the force he used on you during an incident on January 29, 2011. You state you told Correctional Sergeant Balkind you did not want to talk about it, at which time Correctional Officer Nixon started "cursing" at you. You state that Correctional Sergeant Balkind then told you that you were going to ASU for threatening staff which, you contend, you never did.

### ACTION REQUESTED:

1. An internal investigation conducted into what occurred on March 30, 2011.

2. Reversal of the guilty finding and removal of RVR Log #E-C-11-03-0087 from your Central File (C-File).

3. Properly punish Correctional Sergeant Balkind and Correctional Officer Nixon for their conduct and behavior.

4. The RVR reissued and reheard on Third Watch.

### DETERMINATION:

Your allegations of staff misconduct was reviewed by the Warden or her designee, not below the level of a Chief Deputy Warden, who determined your allegations would be assigned as a staff complaint. Therefore, this appeal was separated into two different appeals. A staff complaint appeal was assigned to Appeal Log Number CMC-E-11-0813; therefore, your allegations of staff misconduct will not be responded to in this appeal.

CDC 1617 (3/89)

APPEAL LOG# CMC-E-11-00717
Page 2 of 3

Your appeal was reviewed and assigned to the Second Level of Review pursuant to CCR, Title 15, § 3084.7.

**INTERVIEWS:**
On August 4, 2011, Correctional Lieutenant R. A. Hughes interviewed you regarding your appeal. At the time of the interview, you reiterated your contentions as documented in the body of your CDCR 602 and had nothing further to add.

**APPLICABLE DOCUMENTATION / EVIDENCE ASSOCIATED WITH APPEAL:**
- Inmate / Parolee Appeal Form Log #CMC-E-11-0717
- RVR Log #E-C-11-03-0087

**RESPONSE TO ISSUE(S):**
You state on March 30, 2011, you received an RVR, Log #E-C-11-03-0087, for violation of CCR, §3005(d)(1), specifically, Threatening Staff. You contend you received the RVR as "reprisal" for filing an appeal on March 27, 2011. You state on March 30, 2011, Correctional Sergeant Balkind asked you to go to the C Quad Office where you state you were in what you referred to as a "strip out room." You contend Correctional Sergeant Balkind, accompanied by Correctional Officers Nixon, Freitas and Allison surrounded you, at which time Correctional Sergeant Balkind said he wanted to talk to you about the force he used on you during an incident on January 29, 2011. You state you told Correctional Sergeant Balkind you did not want to talk about it, at which time Correctional Officer Nixon started "cursing" at you. You state Correctional Sergeant Balkind then told you that you were going to ASU for threatening staff which, you contend, you never did. As previously noted your allegations of staff misconduct have been assigned to Staff Complaint Appeal Log Number CMC-E-11-0813; therefore, your allegations of staff misconduct will not be responded to in this appeal.

Review of the RVR clearly documents you were observed glaring at Correctional Sergeant Balkind in what he perceived to be a hostile manner, after which you were escorted to a Temporary Holding Cell within the C Quad Program Office. While in the Temporary Holding Cell you suddenly became hostile and threatened Correctional Sergeant Balkind. The Senior Hearing Officer (SHO) evaluated all the documentation pertaining to this issue as well as your plea and statement in your defense. The appeal process is not intended to re-hear RVR's but to ensure an inmate has been afforded all due process and administrative protections in the adjudication of a RVR.

**RESPONSE TO ACTION REQUESTED:**
1. Your request for an internal investigation into what occurred on March 30, 2011, is partially granted. Staff Complaint Appeal Log Number CMC-E-11-0813 has been assigned regarding your allegations.

2. Your request for the reversal of the guilty finding and removal of RVR Log #E-C-11-03-0087 from your C-File is denied. A review of the RVR revealed no due process errors, nor have you submitted any additional information to substantiate a reversal of the guilty finding. Furthermore, during the hearing, you presented

APPEAL LOG# CMC-E-11-00717
Page 3 of 3

the defense that you did not make any threatening statements.   The SHO
considered your defense as well as all submitted documentation at the hearing
and concluded there was a preponderance of evidence to support a finding of
guilt.

3. Your request to properly punish Correctional Sergeant Balkind and Correctional
Officer Nixon is denied.  As previously stated your staff misconduct allegations will
be addressed in the staff complaint appeal.

4. Your request to have the RVR reissued and reheard on third watch is denied.
Correctional Sergeant Balkind issued the RVR based upon your exhibited and
documented behavior, in accordance with California Penal Code (PC) §
76(c)(5) which states, "'Threat' means a verbal or written threat or a threat
implied by a pattern of conduct or a combination of verbal or written statements
and conduct made with the intent and the apparent ability to carry out the
threat so as to cause the person who is the target of the threat to reasonably
fear for his or her safety or the safety of his or her immediate family."
Furthermore, as previously mentioned, the documentation and testimony
presented at the hearing was considered by the SHO, who determined there
was sufficient preponderance of evidence to support a finding of guilt.  All of
your due process rights have been met.  You offered no additional information,
which would alter the finding of guilt by the SHO.

**CONCLUSION:**
Based on the aforementioned, your appeal is PARTIALLY GRANTED at the Second
Level.  Should you be dissatisfied with this appeal decision, you may, by following
the instructions listed on your Inmate Appeal form (CDCR 602) request further review
and submit it by mail for Third Level Review within 30 calendar days of receipt of this
response.

**APPEAL:  PARTIALLY GRANTED**

A. L. GONZALEZ
Warden
California Men's Colony

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date        :   August 31, 2011

To          :   YOUNG, DENEAL
                CDC# J-55381
                CELL 7116S

Subject     :   **STAFF COMPLAINT SEPARATION NOTICE**

On August 31, 2011, it was brought to the attention of the Appeals Office that Disciplinary Appeal Log# CMC-E-11-00717 contained allegations of staff misconduct that were not reviewed by the Hiring Authority. A copy of the appeal was routed to the Hiring Authority and a decision was made to process the allegations as a staff complaint. A "Treat as Original" was made of the original appeal and assigned as a staff complaint to Appeal Log# CMC-E-11-00813. The staff complaint allegations will not be addressed in Appeal Log# CMC-E-11-00717.

Any questions regarding the separation can be directed to the Appeals Office.

J. JAVAUX
Staff Services Analyst
Inmate Appeals Office
California Men's Colony

DeNeal Young J55381
Inc. D. 5-116
P.O. Box 4670
LANCASTER, CA 93539

CONFIDENTIAL LEGAL
MAIL

NORTHERN DISTRICT COURT
U.S. COURTHOUSE
450 GOLDEN GATE AVE.
P.O. Box 36060
SAN FRANCISCO, CA
94102-3482





**TERRY NAFISI**
District Court Executive and
Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-7984

September 6, 2012

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Deneal Deshawn Young CDC#J55381
P. O. Box 4670
Lancaster, Ca. 93539

Dear Sir/Madam:

   A Complaint for Civil Rights was filed today on your behalf and assigned civil case number CV12-7278-R(MLG)_____. Please refer to this case number in all future communications.

   Please address all correspondence to the attention of the Courtroom Deputy Clerk for:

   ☒ Magistrate Judge Marc L. Goldman_____
at the address checked below:

   ☐ Western Division          ☒ Southern Division          ☐ Eastern Division
   312 N. Spring Street, G-8      411 West Fourth St., Ste 1053      3470 Twelfth Street, Room 134
   Los Angeles, CA  90012      Santa Ana, CA 92701-4516      Riverside, CA 92501

   The Court must be notified within fifteen (15) days of any address change. If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

                              Sincerely,

                              Clerk, U. S. District Court


                              By C. Sawyer_____
                                 Deputy Clerk