| | |
|---|---|
| 1 | KAMALA D. HARRIS<br>Attorney General of California |
| 2 | RENE L. LUCARIC<br>Supervising Deputy Attorney General |
| 3 | JILL VANDER BORGHT<br>Deputy Attorney General |
| 4 | State Bar No. 240004<br> 300 South Spring Street, Suite 1702 |
| 5 |  Los Angeles, CA 90013<br> Telephone: (213) 897-0188 |
| 6 |  Fax: (213) 897-7604<br> E-mail: Jill.VanderBorght@doj.ca.gov |
| 7 | *Attorneys for Defendants*<br>*D. Balkind and E. Nixon* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DENEAL YOUNG,**<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**D. BALKIND, et al.,**<br><br>　　　　　　　　　Defendants. | CV 12-7278 JGB (JC)<br><br>**DEFENDANTS BALKIND AND NIXON'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Courtroom: 20 – 3rd Floor<br>Judge: The Hon. Jacqueline Chooljian<br><br>Action Filed: 9/6/2012 |

In answer to Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Complaint), Defendants D. Balkind and E. Nixon[1] (Defendants) hereby admit, deny and allege as follows:

　　1.　Answering ¶ 1[2], p. 1 of the Complaint, Defendants admit that Plaintiff brings this action under 42 U.S.C. §1983, deny that they violated Plaintiff's Constitutional rights.

---

[1] These are the only Defendants remaining in this action. The sole remaining claims are against Balkind and Nixon for a January 29, 2011 incident of excessive force under the Eighth Amendment and a claim against Balkind for a March 30, 2011 incident of retaliation under the First Amendment. (Docket No. 45, p. 2.) Plaintiff chose to pursue the matter without amendment to his Complaint. As such, Defendants will only answer the portions of the Complaint that remain operative.

1

2. Answering ¶ 2, p. 1 of the Complaint, Defendants deny the Northern District is the appropriate venue for this action, deny the events alleged in the Complaint took place in the Northern District.

3. Answering ¶ 3, pp. 1-2 of the Complaint, Defendants admit Plaintiff was a State of California prisoner in the custody of the Department of Corrections and Rehabilitation (CDCR), admit he is currently incarcerated at California State Prison, Los Angeles County.

4. Answering ¶ 1, p. 2 of the Complaint, Defendants admit Balkind was employed by CDCR, admit he was previously a sergeant at the California Men's Colony.

5. Answering ¶ 2, p. 2 of the Complaint, Defendants admit Nixon was employed by CDCR, admit he was a correctional officer at the California Men's Colony.

6. Answering ¶¶ 3-4, p. 2 of the Complaint, these Defendants were dismissed by the Court's February 1, 2014 Order.

7. Answering ¶ 5, p. 2 of the Complaint, Defendants Nixon and Balkind admit they are being sued in their individual capacities, admit they acted under color of law, deny they violated Plaintiff's rights. Defendants Nixon and Balkind deny they are sued in their official capacities since all official capacity claims were dismissed by the Court's February 1, 2014 Order.

8. Answering ¶ 1, p. 3 of the Complaint, Defendants deny that on January 29, 2011, on the exercise yard, Plaintiff was "forced to defend his person from attack," are without sufficient knowledge or information to form a belief as to the truth of how long Plaintiff fought with a fellow inmate and on that basis deny the claim. Defendants admit correctional staff issued verbal warnings to Plaintiff and

---

(…continued)
[2] Plaintiff's paragraphs are not numbered. Defendants will number them beginning with the number 1 on each page to distinguish them from each other.

his combat partner, admit Plaintiff was told to "get down on the ground," are without sufficient knowledge or information to form a belief as to the truth of what Plaintiff heard and on that basis deny how many shouts Plaintiff heard. Defendants deny Plaintiff "continued to defend" himself, admit he remained combative. Defendants admit pepper spray was used to quell the combative inmates, are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's experience with pepper spray and on that basis deny where and how he was exposed, deny how he reacted, and deny Plaintiff was "showered" with pepper spray. Defendants deny the "assault heighten[ed]," are without sufficient knowledge and information to form a belief as to the truth of what Plaintiff felt or did and on that basis deny the allegations, Defendants deny they assaulted Plaintiff, deny they hit him 25 times with batons, deny Plaintiff "yelled in pain, stop please stop." Defendants admit Plaintiff finally lay prone and was restrained, deny he was "forcefully turned over," deny anyone laughed at Plaintiff or made a comment about hemorrhoids. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of what happened to Plaintiff's pants during the incident and on that basis deny the allegations. Defendants admit Plaintiff was escorted by Officer Lowe for decontamination, are without sufficient knowledge or information to form a belief as to the truth of the allegations of what Officer Lowe said to Plaintiff and on that basis deny each and every allegation.

9.   Answering ¶ 1, p. 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of what happened to Plaintiff in the medical clinic with Officer Lowe and on that basis deny each and every one of these allegations. Defendants deny an excessive amount of pepper spray was used. Defendants deny Balkind had any conversation with Plaintiff, deny Balkind said "there will not be any picture of [Plaintiff," admit Plaintiff was put into administrative segregation. Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations of what

3

Officer Lowe said to Plaintiff and on that basis deny each and every allegation. Defendants deny Nixon or Balkind used excessive force in the incident.

     10.   Answering ¶ 2, p. 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Plaintiff's medical exam and injuries and on that basis deny each and every allegation of Plaintiff's medical exam and injuries. Defendants deny they caused Plaintiff the injuries described. Defendants deny Balkind stared at Plaintiff "in an intimidating fashion" for "like 30 seconds."

     11.   Answering ¶ 1, p. 5 of the Complaint, Defendants deny Balkind spoke to Officer Simpson and bragged about the imprint of his baton on Plaintiff's body, and deny they laughed at Plaintiff.

     12.   Answering ¶¶ 2-4, p. 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Plaintiff's experiences on February 2, 2011, February 4, 2011, February 24, 2011, and March 2, 2011, and on that basis deny each and every allegation contained herein. Defendants deny they "assaulted Plaintiff," and deny any injuries were caused by Defendants' use of force.

     13.   Answering ¶ 1, p. 6 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of what Plaintiff told Lieutenant Gray, and what happened to him on C-quad and on that basis deny each and every related allegation. Defendants deny they assaulted Plaintiff.

     14.   Answering ¶ 2, p. 6 of the Complaint, Defendants admit Plaintiff filed a grievance regarding the January 29, 2011 incident.

     15.   Answering ¶ 3, p. 6 of the Complaint, Defendants deny Plaintiff filed a grievance exhausting a March 30, 2011 incident, deny they issued a false or retaliatory rules violation report.

16. Answering ¶ 4, p. 6 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation of who Plaintiff walked to the dining hall with and on that basis deny the allegation. Defendants deny Balkind pointed at Plaintiff with his finger, deny Plaintiff was aggressively approached, deny they told inmate Hall to keep walking. Defendants deny Plaintiff was sent to the program office without provocation. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation about a strip out room and on that basis deny the allegation.

17. Answering ¶ 1, p. 7 of the Complaint, Defendants deny the substance of the conversation, deny Balkind brought up Plaintiff's 602, deny he used inappropriate language, deny Nixon yelled at Plaintiff, deny Balkind threatened Plaintiff, and deny Reynoso walked into and out of the room. Defendants admit Plaintiff threatened Balkind, and admit officers witnessed the behavior. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations about where Plaintiff was placed, or his hunger strike and on that basis deny the allegations. Defendants admit Plaintiff was found guilty of a 115 for threatening staff, deny the charge was false, and deny Plaintiff was transferred without notice.

18. Answering ¶ 2, p. 7 of the Complaint, Defendants deny Plaintiff properly availed himself of his administrative remedies, admit he filed a grievance regarding excessive force and one regarding retaliation, and deny both are exhausted.

19. Answering ¶ 1, p. 8 of the Complaint, Defendants deny spraying pepper spray amounts to sexual assault, deny pepper spray is designed to impair vision, deny there were over 26 blows from batons, deny Rodney King was invoked, deny they used unjustified amounts of force, and deny they violated the Eighth Amendment.

20. Answering ¶ 2, p. 8 of the Complaint, Defendants deny Plaintiff complied with orders, deny pepper spray continued despite compliance, deny their

assault heightened with over 25 blows from batons, deny their actions constituted excessive force, was vicious or violated the Eighth Amendment.

21. Answering ¶ 3, pp. 8-9 of the Complaint, the Defendants deny the Plaintiff suffered and continues to suffer because of Balkind and Nixon's actions, deny striking Plaintiff over 25 times with batons, deny significantly and permanently injuring Plaintiff's knee by breaking it, deny the burning and itching of Plaintiff's rectum for several days after the assault, deny violating the Eighth Amendment.

22. Answering ¶ 1, p. 9 of the Complaint, the Defendants deny staff "knew immediately that this was a mutual combat between inmates," deny at no time was safety of staff an issue, deny Balkind and Nixon took this opportunity to hurt and frighten Plaintiff and other inmates, and deny excessive force was used.

23. Answering ¶ 2, p. 9 of the Complaint, the claims were dismissed by the Court's February 10, 2014 Order and are no longer at issue in this Complaint.

24. Answering "Prayer for Relief," p. 10 of the Complaint, Defendants deny Plaintiff is entitled to any relief, deny Plaintiff is entitled to declaratory relief, deny Plaintiff is entitled to compensatory damages, and deny Plaintiff is entitled to punitive damages.

AS SEPARATE AND AFFIRMATIVE DEFENSES, these answering Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

25. Because the Complaint contains vague and conclusory allegations, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, Defendants reserve the right to assert additional affirmative defenses, if and after Plaintiff's allegations and theories of liability become clearer.

/ / /

/ / /

SECOND AFFIRMATIVE DEFENSE

26. Defendants did not deprive Plaintiff of any right, privilege or immunity guaranteed to him by the Constitution or laws of the United States or of any other clearly established right.

THIRD AFFIRMATIVE DEFENSE

27. At all times relevant herein, Defendants' actions were reasonably related to achieving legitimate penological goals.

FOURTH AFFIRMATIVE DEFENSE

28. Defendants are shielded from liability by the doctrine of qualified immunity in that there can be no liability on the facts alleged and Defendants did not violate any clearly established statutory or constitutional right of which a reasonable person in Defendants' positions would have known.

FIFTH AFFIRMATIVE DEFENSE

29. Defendants assert that insofar as any alleged liability is based upon their supervisory capacities, they are not liable for damages under the doctrines of respondeat superior and vicarious liability.

SIX AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred by the doctrine of res judicata or collateral estoppel.

SEVENTH AFFIRMATIVE DEFENSE

31. To the extent that Plaintiff suffered any injuries or damages, Defendants assert that Plaintiff's own inappropriate conduct caused his injury, and he is thereby estopped from seeking relief for such injuries or damages.

EIGHTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*.

NINTH AFFIRMATIVE DEFENSE

33. Defendants assert that to the extent Plaintiff suffered any injury, Plaintiff failed to mitigate his damages.

### TENTH AFFIRMATIVE DEFENSE

34. At all times relevant herein, Defendants acted within the scope of their discretion with due care, in good faith fulfillment of their responsibilities under applicable statutes, rules, regulations, and practices, reasonably under all circumstances known to them, and with good faith belief that their actions comported with all applicable federal and state laws. Defendants are therefore immune from liability.

### ELEVENTH AFFIRMATIVE DEFENSE

35. Defendants assert that they are not liable to Plaintiff for any injury or damages, if any, caused by an exercise of discretion.

### TWELFTH AFFIRMATIVE DEFENSE

36. The Complaint and each claim for relief therein fail to allege facts sufficient to state a claim for exemplary or punitive damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

37. Plaintiff failed to exhaust his administrative remedies with respect to all claims before filing this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred by the applicable statutes of limitation.

### PRAYER

39. Defendants pray for judgment as follows:

a) That Plaintiff take nothing by this action and that judgment be rendered in favor of Defendants;

b) That Defendants be awarded costs of suit; and,

c) That Defendants be awarded such other relief as this Court deems just and proper.

///
///
///

Case 2:12-cv-07278-JGB-JC   Document 47   Filed 02/24/14   Page 9 of 10   Page ID #:546

## DEMAND FOR JURY TRIAL

40.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury in this action.

Dated: February 24, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
RENE L. LUCARIC
Supervising Deputy Attorney General

*/s/ Jill Vander Borght*
JILL VANDER BORGHT
Deputy Attorney General
*Attorneys for Defendants*
*D. Balkind and E. Nixon*

LA2013607517
Defts' Answer to Complaint.doc

9

# CERTIFICATE OF SERVICE

Case Name:   **Young v. Balkind, et al.**            No.   **CV 12-7278 JGB (JC)**

I hereby certify that on <u>February 24, 2014</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS BALKIND AND NIXON'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>February 24, 2014</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Deneal Deshawn Young, J-55381
California State Prison - Los Angeles County
44750 - 60th Street West
Lancaster, CA  93536-7620
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>February 24, 2014</u>, at Los Angeles, California.

| Rachelle M. LeBlanc | /s/ *Rachelle M. Le Blanc* |
|---|---|
| Declarant | Signature |

61205875.doc