KAMALA D. HARRIS
Attorney General of California
GRETCHEN K. BUECHSENSCHUETZ
Supervising Deputy Attorney General
MINA CHOI
Deputy Attorney General
State Bar No. 210514
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 620-6524
Fax: (213) 897-7604
E-mail: Mina.Choi@doj.ca.gov
*Attorneys for Defendants Balkind, Gonzalez, and Lowe*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

**DENEAL YOUNG,**

Plaintiff,

**v.**

**D. BALKIND, et al.,**

Defendants.

CV 12-7278 JGB (JC)

**DEFENDANTS LOWE AND GONZALEZ'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENDANT BALKIND'S SUPERSEDING ANSWER TO THE COMPLAINT**

Courtroom: 20 (3rd Floor)
Judge: The Honorable Jacqueline Chooljian
Trial Date:
Action Filed: 9/6/2012

In answer to Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Complaint), Defendants Balkind, Gonzalez, and Lowe (collectively, "Defendants") hereby admit, deny, and allege as follows:

1. Answering ¶ 1, p. 1 of the Complaint, Defendants admit that Plaintiff brings this action under 42 U.S.C. §1983, deny that they violated Plaintiff's Constitutional rights.

2. Answering ¶ 2, p. 1 of the Complaint, Defendants deny the Northern District is the appropriate venue for this action, deny the events alleged in the Complaint took place in the Northern District.

3. Answering ¶ 3, pp. 1-2 of the Complaint, Defendants admit that Plaintiff was a State of California prisoner in the custody of the Department of Corrections and Rehabilitation (CDCR), and admit that he is currently incarcerated at California State Prison, Los Angeles County.

4. Answering ¶ 1, p. 2 of the Complaint, Defendants admit that Defendant Balkind was employed by CDCR, and admit that he was previously a sergeant at the California Men's Colony.

5. Answering ¶ 2, p. 2 of the Complaint, Defendants admit that Defendant Nixon was employed by CDCR, and admit that he was a correctional officer at the California Men's Colony.

6. Answering ¶ 3, p. 2 of the Complaint, Defendants admit that Defendant Lowe was employed by CDCR, and admit he was a correctional officer at the California Men's Colony.

7. Answering ¶ 4, p. 2 of the Complaint, Defendants admit that Defendant Gonzalez was employed by CDCR, and admit that she was an acting warden at the California Men's Colony.

8. Answering ¶ 5, p. 2 of the Complaint, Defendants Balkind, Lowe, and Gonzalez admit that they are being sued in their individual capacities, admit that they acted under color of law, and deny that they violated Plaintiff's rights. Defendants Balkind, Lowe, and Gonzalez deny that they are sued in their official capacities since all official capacity claims were dismissed by the Court's February 1, 2014 Order.

9. Answering ¶ 1, p. 3 of the Complaint, Defendants deny that on January 29, 2011, on the exercise yard, Plaintiff was "forced to defend his person from attack." Defendants are without sufficient knowledge or information to form a

belief as to the truth of how long Plaintiff fought with a fellow inmate and on that basis deny. Defendants admit that correctional staff issued verbal warnings to Plaintiff and his combat partner, admit that Plaintiff was told to "get down on the ground," are without sufficient knowledge or information to form a belief as to the truth of what Plaintiff heard and on that basis deny how many shouts Plaintiff heard. Defendants deny Plaintiff "continued to defend" himself, admit that Plaintiff remained combative. Defendants admit that pepper spray was used to quell the combative inmates, but Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's experience with pepper spray and on that basis deny where and how he was exposed, deny how he reacted, and deny that Plaintiff was "showered" with pepper spray. Defendants deny that the "assault heighten[ed]," are without sufficient knowledge and information to form a belief as to the truth of what Plaintiff felt and on that basis deny the allegations. Defendants deny that they assaulted Plaintiff, deny they hit him 25 times with batons, deny Plaintiff "yelled in pain, stop please stop." Defendants admit that Plaintiff finally lay prone and was restrained, deny that Plaintiff was "forcefully turned over," deny that anyone "around the scene" laughed at Plaintiff or made a comment about hemorrhoids. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of what happened to Plaintiff's pants during the incident and on that basis deny the allegations. Defendants admit that Plaintiff was escorted by Defendant Lowe for decontamination, and deny the allegations of what Defendant Lowe said to Plaintiff. Defendants deny each and every remaining allegation pertaining to Defendant Lowe.

10. Answering ¶ 1, p. 4 of the Complaint, Defendants deny that Defendant Lowe told Plaintiff that he was in court for excessive force and deny the remaining allegations of what happened to Plaintiff in the medical clinic with Defendant Lowe. Defendants deny that an excessive amount of pepper spray was used. Defendants deny Defendant Balkind had any conversation with Plaintiff, deny that

Defendant Balkind said "there will not be any picture of [Plaintiff]," admit that Plaintiff was placed into administrative segregation. Defendants deny that Defendant Lowe told Plaintiff that "that was excessive force" by Defendants Balkind and Nixon. Defendants deny that Defendant Balkind used excessive force in the incident.

11. Answering ¶ 2, p. 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Plaintiff's medical exam and injuries, and on that basis deny each and every allegation of Plaintiff's medical exam and injuries. Defendants deny that they caused Plaintiff the injuries described. Defendants deny that Defendant Balkind "stuped [sic] right inside the door" and stared at Plaintiff "in an intimidating fashion" for "like 30 seconds."

12. Answering ¶ 1, p. 5 of the Complaint, Defendant does not have sufficient information and belief with which to respond to what Plaintiff said, and on that basis deny. Defendants deny that Defendant Balkind talked to Officer Simpson as though Plaintiff was not in the room and deny that Defendant Balkind bragged about the imprint of his baton on Plaintiff's body, and deny that they laughed at Plaintiff.

13. Answering ¶ 2, p. 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Plaintiff's experiences on February 2, 2011 at the hospital, and on that basis deny each and every allegation contained herein.

14. Answering ¶ 3, p. 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Plaintiff's experiences on February 4, 2011 at the Institutional Classification Committee, and on that basis deny each and every allegation contained herein.

15. Answering ¶ 4, p. 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of

Plaintiff's being told that his Ad-Seg hold was lifted but he continued to be held in (MHCB), and on that basis deny each and every allegation contained therein.

16. Answering ¶ 5, p. 5 of the Complaint, Defendants admit that a video interview was conducted on January 29, 2011 after the incident, but are without sufficient knowledge or information to form a belief as to the truth of the allegations of Plaintiff's experiences on March 2, 2011 at the D-Quad PO, and on that basis deny each and every allegation contained therein.

17. Answering ¶ 1, p. 6 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of what Plaintiff told Lieutenant Gray, what happened to Plaintiff on C-quad, and the things that were said to Plaintiff, and on that basis deny each and every related allegation. Defendants deny that they assaulted Plaintiff.

18. Answering ¶ 2, p. 6 of the Complaint, Defendants admit that Plaintiff filed a grievance regarding the January 29, 2011 incident with Defendants Balkind and Nixon.

19. Answering ¶ 3, p. 6 of the Complaint, Defendants deny that Plaintiff was "forced" to file a second grievance concerning retaliation. Defendants deny that Plaintiff filed a grievance exhausting a March 30, 2011 incident, and also deny that Defendants issued a false or retaliatory rules violation report against Plaintiff for threatening staff.

20. Answering ¶ 4, pp. 6-7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation of with whom Plaintiff walked to the dining hall and on that basis deny the allegation. Defendants deny that Defendant Balkind pointed at Plaintiff with his finger, deny that Plaintiff was aggressively approached, deny that Defendant Nixon told inmate Hall to keep walking. Defendants do not have sufficient knowledge or information to form a belief as to what officer Freitas said to Plaintiff, and on that basis deny. Defendants are without sufficient knowledge or information to form a

belief as to the truth of the allegation about a strip out room, and on that basis deny the allegation.

Defendants deny the substance of the conversation at the program office, deny that Defendant Balkind brought up Plaintiff's 602, deny that Defendant Balikind used inappropriate language, deny that Defendant Nixon yelled at Plaintiff, deny that Defendant Balkind threatened Plaintiff, deny that officer Reynoso walked into and out of the room, and deny that officer Reynoso asked to speak to Defendant Balkind and left the room with him. Defendants admit that Plaintiff threatened Defendant Balkind, and admit that other officers witnessed the behavior. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations about where Plaintiff was placed, or his hunger strike, and on that basis deny the allegations. Defendants admit that Plaintiff was found guilty of a 115 for threatening staff, deny that the charge was false, and deny that Plaintiff was transferred without notice.

21. Answering ¶ 2, p. 7 of the Complaint, Defendants deny that Plaintiff properly availed himself of his administrative remedies, admit that Plaintiff filed a grievance regarding excessive force and one regarding retaliation, and deny that both are exhausted.

22. Answering ¶ 1, p. 8 of the Complaint, Defendants deny that spraying pepper spray amounts to sexual assault, deny that pepper spray is designed to impair vision, deny that there were over 25 blows from batons, deny that Rodney King was invoked, deny that Defendants used unjustified amounts of force, and deny that they violated the Eighth Amendment.

23. Answering ¶ 2, p. 8 of the Complaint, Defendants deny that Plaintiff complied with orders, deny that pepper spray continued despite compliance, deny that Defendants' assault heightened with over 25 blows from batons, deny that Defendants' actions constituted excessive force, was vicious or violated the Eighth Amendment.

24. Answering ¶ 3, pp. 8-9 of the Complaint, Defendants deny that Plaintiff suffered and continues to suffer because of Defendants Balkind and Nixon's actions, deny striking Plaintiff over 25 times with batons, deny significantly and permanently injuring Plaintiff's knee by breaking it, deny the burning and itching of Plaintiff's rectum for several days after the assault, and deny violating the Eighth Amendment.

25. Answering ¶ 1, p. 9 of the Complaint, Defendants deny that staff "knew immediately that this was a mutual combat between inmates," deny that "at no time was safety of staff an issue," deny that Defendant Balkind "took this opportunity to hurt and frighten" Plaintiff and other inmates who were watching, and deny that excessive force was used in violation of the Eighth Amendment.

26. Answering ¶ 2, p. 9 of the Complaint, Defendants deny that officer Lowe failed to stop or report the alleged excessive force by Defendants Balkind and Nixon, deny that not photographing Plaintiff's injuries conflicts with standards of decency. Defendants deny that Defendant Gonzalez was deliberately indifferent to Plaintiff's claims of excessive force, deny that Defendant Gonzalez witnessed Plaintiff's corroborating injuries during ICC, deny that Defendant Gonzalez failed to respond reasonably to Plaintiff's claims against correctional officers under her command, deny that Defendant Gonzalez violated the Eighth Amendment.

27. Answering "Prayer for Relief," p. 10 of the Complaint, Defendants deny that Plaintiff is entitled to any relief, deny that Plaintiff is entitled to declaratory relief, deny that Plaintiff is entitled to compensatory damages, and deny that Plaintiff is entitled to punitive damages.

28. Answering "Prayer for Relief," p. 10 of the Complaint, Defendants admit that Plaintiff requests a jury trial on all issues.

29. Answering "Prayer for Relief," p. 10 of the Complaint, Defendants deny that Plaintiff is entitled to cost of the suit and to any relief or cost at all.

30. Answering Exhibits A-E, pages 13-45 of 48[1] of the Complaint, Defendants admit that Plaintiff attached documents to the Complaint, but Defendants are without sufficient knowledge or information to form a belief as to the genuineness of such documents. Defendants deny that the documents show that Defendants violated Plaintiff's First and Eighth Amendment rights, or any other right.

AS SEPARATE AND AFFIRMATIVE DEFENSES, these answering Defendants allege as follows:

FIRST AFFIRMATIVE DEFENSE

31. Because the Complaint contains vague and conclusory allegations, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, Defendants reserve the right to assert additional affirmative defenses, if and after Plaintiff's allegations and theories of liability become clearer.

SECOND AFFIRMATIVE DEFENSE

32. Defendants did not deprive Plaintiff of any right, privilege or immunity guaranteed to him by the Constitution or laws of the United States or of any other clearly established right.

THIRD AFFIRMATIVE DEFENSE

33. At all times relevant herein, Defendants' actions were reasonably related to achieving legitimate penological goals.

FOURTH AFFIRMATIVE DEFENSE

34. Defendants are shielded from liability by the doctrine of qualified immunity in that there can be no liability on the facts alleged, and Defendants did not violate any clearly established statutory or constitutional right of which a reasonable person in Defendants' positions would have known.

[1] Because the Exhibits to the Complaint do not have page numbers, Defendants refer to the Court's electronic filing stamp located at the top right corner of each page. For example page 13 of 48.

FIFTH AFFIRMATIVE DEFENSE

35. Defendants assert that insofar as any alleged liability is based upon their supervisory capacities, they are not liable for damages under the doctrines of respondeat superior and vicarious liability.

SIX AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred by the doctrine of res judicata or collateral estoppel.

SEVENTH AFFIRMATIVE DEFENSE

37. To the extent that Plaintiff suffered any injuries or damages, Defendants assert that Plaintiff's own inappropriate conduct caused his injury, and he is thereby estopped from seeking relief for such injuries or damages.

EIGHTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred by the doctrine of Heck v. Humphrey.

NINTH AFFIRMATIVE DEFENSE

39. Defendants assert that, to the extent Plaintiff suffered any injury, Plaintiff failed to mitigate his damages.

TENTH AFFIRMATIVE DEFENSE

40. At all times relevant herein, Defendants acted within the scope of their discretion with due care, in good faith fulfillment of their responsibilities under applicable statutes, rules, regulations, and practices, reasonably under all circumstances known to them, and with good faith belief that their actions comported with all applicable federal and state laws. Defendants are therefore immune from liability.

ELEVENTH AFFIRMATIVE DEFENSE

41. Defendants assert that they are not liable to Plaintiff for any injury or damages, if any, caused by an exercise of discretion.

TWELFTH AFFIRMATIVE DEFENSE

42. The Complaint and each claim for relief therein fail to allege facts sufficient to state a claim for exemplary or punitive damages.

THIRTEENTH AFFIRMATIVE DEFENSE

43. Plaintiff failed to exhaust his administrative remedies with respect to all claims before filing this action.

FOURTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred by the applicable statutes of limitation.

PRAYER

45. Defendants pray for judgment as follows:

a) that Plaintiff take nothing by this action and that judgment be rendered in favor of Defendants;

b) that Defendants be awarded costs of suit; and,

c) that Defendants be awarded such other relief as this Court deems just and proper.

DEMAND FOR JURY TRIAL

46. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury in this action.

Dated: November 6, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
GRETCHEN K. BUECHSENSCHUETZ
Supervising Deputy Attorney General

/s/ Mina Choi

MINA CHOI
Deputy Attorney General
*Attorneys for Defendants*
*Balkind, Gonzalez, and Lowe*

# CERTIFICATE OF SERVICE

Case Name: **Young v. Balkind, et al.** No. **CV 12-7278 JGB (JC)**

I hereby certify that on November 6, 2014, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS LOWE AND GONZALEZ'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENDANT BALKIND'S SUPERSEDING ANSWER TO THE COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On November 6, 2014, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Deneal Deshawn Young
CDCR No.: J-55381
California State Prison - Los Angeles County
CSP - Los Angeles
FAC D-5-116
P.O. Box 4670
Lancaster, CA 93539
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 6, 2014, at Los Angeles, California.

| R. Macias | /s/ R. Macias |
|---|---|
| Declarant | Signature |

61416253.doc