1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DENEAL YOUNG,

                              Plaintiff,

        v.

D. BALKIND, et al.,

                              Defendants.

Case No. CV 12-7278 JGB(JC)

ORDER ACCEPTING FINDINGS,
CONCLUSIONS, AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE

        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all
documents filed in connection with the Motion for Partial Summary Judgment
("Defendants' Motion") filed by defendants D. Balkind, Lowe, and T. Gonzalez
(collectively "Moving Defendants"), and all of the records herein, including the
attached Report and Recommendation of United States Magistrate Judge ("Report
and Recommendation"), objections/amended objections to the Report and
Recommendation from plaintiff ("Plaintiff's Objections") and defendant Balkind
("Balkind Objections") (collectively "Objections"), and plaintiff's opposition to
the Balkind Objections.  The Court has further made a *de novo* determination

///

///

1    of those portions of the Report and Recommendation to which objection is made.[1]

2    The Court concurs with and accepts the findings, conclusions, and

3    recommendations of the United States Magistrate Judge and overrules the

4    Objections.[2]  This Court specifically addresses certain portions of the Objections

5    below.

6         Defendant Balkind objects that the Report and Recommendation improperly

7    inferred from the record that plaintiff could have believed his retaliation claim

8    against defendant Balkind had been properly exhausted because such claim was

9    included in Appeal No. 11-0346 which was submitted to and decided on the merits

10   at the third level.  (Balkind Objections at 2-4).  The gravamen of defendant

11   Balkind's argument, however, is that evidence in the record actually supports

12   different inferences (Balkind Objections at 2-4) – which is insufficient to meet the

13   defendant's burden to demonstrate that there is no genuine dispute as to such facts,

14   and that no reasonable trier of fact could find other than for defendant Balkind on

15   the issue.  At the summary judgment stage the Court generally must draw all

16   reasonable inferences in favor of the non-moving party.  See Matsushita Electric

17   Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Fed. R.

18   Civ. P. 56(c)).

19         The other objections asserted by defendant Balkind and plaintiff are

20   essentially based on the same arguments previously raised by the respective

21   parties, and which the Report and Recommendation properly concludes have no

22   merit.

23   ///

24

25       [1]This Court declines to consider new arguments raised for the first time in Objections to
26   the Magistrate Judge's Report and Recommendation.  See United States v. Howell, 231 F.3d
     615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831 (2001).

27       [2]The Court uses the terms "January 29 Incident," "March 30 Incident," and "Appeal No.
28   11-0346" as they are defined in the Report and Recommendation.

1        Accordingly, IT IS HEREBY ORDERED:  (1) Defendants' Motion is

2   granted in part and denied in part for the reasons stated in the Report and

3   Recommendation; (2) partial summary judgment is granted in favor of Moving

4   Defendants on all of plaintiff's remaining claims except the Eighth Amendment

5   excessive force claim against defendant Balkind predicated on the January 29

6   Incident, and the First Amendment retaliation claim against defendant Balkind

7   predicated on the March 30 Incident; (3) in light of the previous dismissal of

8   plaintiff's official capacity claims against all defendants and the First Amendment

9   retaliation claim against defendant Nixon (Docket No. 43, 45, 93), and the filing of

10  plaintiff's January 22, 2014 Notice of Intent Not to File Amended Complaint

11  (Docket No. 44), this action shall proceed solely on the individual capacity claims

12  and defendants which remain, namely the Eighth Amendment excessive force

13  claim against defendants Balkind and Nixon predicated on the January 29 Incident

14  and the First Amendment retaliation claim against defendant Balkind predicated on

15  the March 30 Incident.

16       IT IS FURTHER ORDERED that the Clerk serve copies of this Order and

17  the Report and Recommendation on plaintiff and counsel for Moving Defendants.

18       IT IS SO ORDERED.

19

20       DATED: May 6, 2016

21

22       _____

23       HONORABLE JESUS G. BERNAL
         UNITED STATES DISTRICT JUDGE

24

25

26

27

28

3